1  THOMAS E. GEIDT (SB# 080955)
2  KACIE L. MANISCO (SB# 294242)
   tomgeidt@gbgllp.com
   kaciemanisco@gbgllp.com
3  GBG LLP
   601 Montgomery Street, Suite 1150
4  San Francisco, CA  94111
   Telephone:  (415) 603-5000
5  Facsimile:  (415) 840-7210

6  Attorneys for Defendant
   SUTTER VALLEY HOSPITALS
7

8              UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10

11 JENNIFER WARD, an individual, on behalf    Case No.
   of herself and all others similarly situated,
12                                              [Sacramento Superior Court State Case No.
              Plaintiff,                        34-2019-00250564]
13
              vs.                               **DEFENDANT SUTTER VALLEY**
14                                              **HOSPITALS' NOTICE OF REMOVAL**
   SUTTER VALLEY HOSPITALS, a                   **OF STATE CIVIL ACTION TO**
15 California corporation; and DOES 1-100,      **FEDERAL COURT**
   inclusive,
16
              Defendants.
17

18

19

20

21

22

23

24

25

26

27

28
   ---
   Case No.                                    DEFENDANT'S NOTICE OF REMOVAL OF
                                               CIVIL ACTIONTO FEDERAL COURT

   88682657.1

TO THE CLERK OF THE ABOVE-ENTITLED COURT, PLAINTIFF JENNIFER WARD AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT Defendant SUTTER VALLEY HOSPITALS ("SVH" or "Defendant"), by and through its counsel of record, submits this Notice of Removal of Action ("Notice of Removal") and, pursuant to 28 U.S.C. §§1331, 1441 and 1446, hereby removes to this Court the state action described below.

This Notice is based upon the original jurisdiction of the federal district court over the parties under 28 U.S.C. § 1331 ("Section 1331") based upon the existence of a federal question.

Defendant makes the following allegations in support of its Notice of Removal:

## I.    **JURISDICTION**

This Court has original jurisdiction under Section 1331, and this case may be removed pursuant to the provisions of 28 U.S.C. § 1441(c) in that it is a civil action that presents a federal question.  As set forth below, this case meets all of Section 1331's requirements for removal and is timely and properly removed by the filing of this Notice.

## II.    **INTRADISTRICT ASSIGMENT**

Plaintiff Jennifer Ward ("Plaintiff") filed this action in the Superior Court of California for the County of Sacramento ("Sacramento County Superior Court").  Thus, venue for removal properly lies in the United States District Court for the Eastern District of California (28 U.S.C. § 84(a), 1446) and this action may be removed to this Court pursuant to 28 U.S.C. § 1441(a) because this district embraces the place in which the removed state action is and has been pending.

## III.    **TIMELINESS OF RMEOVAL**

This Notice of Removal is timely in that 28 U.S.C. § 1446(b) requires that a notice of removal in a civil action must be filed within thirty (30) days after service of the summons and complaint.  28 U.S.C. §1446(b).  Plaintiff filed her Complaint in the Sacramento County Superior Court on February 13, 2019.  SVH signed a Notice of Acknowledgment of service on March 5, 2019.  Accordingly, this Notice of Removal is timely.

| Case No. | -1- | DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTIONTO FEDERAL COURT |

IV.     **PLEADINGS, PROCESS, AND ORDERS**

This action arises out of Plaintiff's employment with Defendant.  On February 13, 2019, Plaintiff filed a putative wage-and-hour class and collective action complaint in the Superior Court of the State of California in and for the County of Sacramento, entitled *Jennifer Ward an individual, on behalf of herself and all others similarly situated v. Sutter Valley Hospitals, a California corporation; and DOES 1 through 100, inclusive,* Case No. 34-2019-00250564 ("Complaint"), alleging failure to pay overtime and minimum wages and failure to keep accurate records of all hours worked, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, 203, 206, 207 (Compl., ¶¶30, 43-52), and for violations of various California state wage and hour laws, including: (1) failure to pay overtime and minimum wages including overtime; (2) failure to provide meal periods; (3) failure to provide rest periods; (4) failure to provide itemized wage statements; (5) failure to pay wages twice monthly; (6) failure to pay termination pay; and (7) unlawful competition and unlawful business practices.  Declaration of Thomas E. Geidt ("Geidt Decl."), ¶ 3, **Exhibit A**.

On March 5, 2019, Defendant signed a Notice and Acknowledgment of Receipt of Plaintiff's Summons, Complaint, Civil Case Cover Sheet, and other case related documents including Notice and Order of Complex Case Determination and Notice of Hearing in Department 18 for Complex Case Management.  Geidt Decl., ¶ 4, **Exhibit B**.

On April 2, 2019, Defendant filed an Answer to Plaintiff's Complaint.  Geidt Decl., ¶ 5, **Exhibit C.**

Pursuant to 28 U.S.C. § 1446(a), the attached exhibits constitute all process, pleadings and orders served upon Defendant or filed or received in this action by Defendant.  Geidt Decl., ¶ 6, **Exhibit D.**

V.     **FEDERAL QUESTION JURISDICTION**

This Court has original jurisdiction over this action pursuant to federal question jurisdiction.  28 U.S.C. § 1331.  Specifically, the district courts of the United States have original jurisdiction over all civil actions that pose a federal question, such that the action arises under the

1   Constitution, laws, or treaties of the United States. *Id.*

2        Plaintiff's Complaint arises under and relates to the FLSA, a federal statute, and therefore,

3   removal is proper.  In her First Cause of Action, Plaintiff alleges that Defendant failed to pay her

4   and other employees nationwide all minimum wages and overtime compensation for the work,

5   labor and services they provided to Defendant and failed to keep records of accurate hours

6   worked, in violation of the FLSA.  (Exh. A, Compl., ¶¶45-49).

7        Accordingly, this lawsuit falls directly under the civil enforcement provisions of the FLSA

8   and presents a federal question.  It is well established that actions brought under the FLSA are

9   removable to federal court.  *Breuer v. Jim's Concrete of Brevard, Inc.* 538 U.S. 691, 695-696

10   (2003) [claim for alleged violation of the FLSA provides basis for federal question removal].

11   Accordingly, Defendant may remove this case to this Court pursuant to Section 1331 and 28

12   U.S.C. § 1441(b) because it is a civil action that arises under the laws of the United States.

13   **VI.   SUPPLEMENTAL JURISDICTION**

14        Plaintiff's Complaint alleges a total of eight causes of action, including a cause of action

15   for failure to pay minimum wages and overtime wages and failure to record accurate hours

16   worked under the FLSA.  The remaining seven causes of action alleged in the Complaint are

17   based on the same factual allegations relating to Plaintiff's employment with Defendant.  This

18   Court has supplemental jurisdiction over Plaintiff's state law wage-and-hour causes of action

19   because such claims are sufficiently related to Plaintiff's claim under the FLSA, which presents a

20   federal question and is within the Court's original jurisdiction, that they form part of the same

21   case or controversy.  28 U.S.C. § 1367(a).  *See Rivera v. Rivera,* No. 10-CV-01345-LHK, 2011

22   WL 1878105 (N.D. Cal. May 17, 2011) [court found supplemental jurisdiction existed over

23   plaintiffs' California Labor Code and Unfair Competition Law claims based on court's federal

24   question jurisdiction over FLSA overtime claim].  Further, Plaintiff's state law claims do not

25   involve any novel or complex issue of state law, do not substantially predominate over Plaintiff's

26   FLSA cause of action, and no exceptional or compelling circumstances exist for this Court to

27   decline jurisdiction.  28 U.S.C. § 1367(a).

28

Case No.                                    -3-        DEFENDANT'S NOTICE OF REMOVAL OF
                                                        CIVIL ACTION TO FEDERAL COURT

88682657.1

**VII.    SATISFACTION OF 28 U.S.C. §§ 1441(a) AND 1446**

In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers will be promptly served on Plaintiff's counsel and filed with the Clerk of the Sacramento County Superior Court.  True and correct copies of the Notice to the Superior Court of Removal of Civil Action and the Notice to Adverse Parties of Removal of Civil Action are attached to the Geidt Decl. as Exhibits E and F, respectively. Therefore, all procedural requirements under 28 U.S.C. § 1446 have been satisfied.  This Notice of Removal is timely.  It is filed within thirty (30) days after receipt of a copy of an amended pleading, motion, order or other paper from which it may be ascertained that the case is one which has become removable, making this matter removable pursuant to 28 U.S.C. § 1446(b)(3).

Venue is proper in this District pursuant to 28 U.S.C. §1441(a) because the Superior Court where the removed case was pending is located within this District.

**VIII.    CONCLUSION**

Based on the foregoing, Defendant respectfully requests that this action be removed to this Court.  If any question arises as to the proprietary of removal of this action, Defendant respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

DATED:  April 3, 2019                                    GBG LLP


                                                         BY:          /s/ Thomas E. Geidt
                                                                   THOMAS E. GEIDT

                                                         Attorneys for Defendant
                                                         SUTTER VALLEY HOSPITALS

Exhibit A

RICHARD E. QUINTILONE II (SBN 200995)
GEORGE A. ALOUPAS (SBN 313112)
ANDREW H. HAAS (SBN 276143)
**QUINTILONE & ASSOCIATES**
22974 EL TORO ROAD SUITE 100
LAKE FOREST, CA 92630-4961
TELEPHONE NO. (949) 458-9675
FACSIMILE NO. (949) 458-9679
E-MAIL: REQ@QUINTLAW.COM; GAA@QUINTLAW.COM; AHH@QUINTLAW.COM

FILED
Superior Court Of California,
Sacramento
02/13/2019
kcadena1
By_____, Deputy
Case Number:
34-2019-00250564

Attorneys for Plaintiff, JENNIFER WARD on behalf of herself and on behalf of a Class of all other employees similarly situated

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SACRAMENTO – GORDON D. SCHABER COURTHOUSE

| | |
|---|---|
| JENNIFER WARD, an individual, on behalf of herself and all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>SUTTER VALLEY HOSPITALS, a California corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO.:<br><u>**CLASS ACTION**</u><br><u>**Assigned for All Purposes to:**</u><br>**Hon.**<br>**Dept.:**<br><br>**CLASS ACTION COMPLAINT FOR:**<br>1. **FAILURE TO PAY OVERTIME AND MINIMUM WAGES UNDER THE FLSA [29 USC §§ 206, 207]**<br>2. **FAILURE TO PAY OVERTIME AND MINIMUM WAGES INCLUDING OVERTIME;**<br>3. **FAILURE TO PROVIDE MEAL PERIODS;**<br>4. **FAILURE TO PROVIDE REST PERIODS;**<br>5. **FAILURE TO PROVIDE ITEMIZED STATEMENTS;**<br>6. **FAILURE TO PAY WAGES TWICE MONTHLY;**<br>7. **FAILURE TO PAY TERMINATION PAY; and**<br>8. **UNLAWFUL COMPETITION AND UNLAWFUL BUSINESS PRACTICES.**<br><br>**DEMAND FOR JURY TRIAL** |

BY FAX

-1-

**CLASS ACTION COMPLAINT**

Plaintiff JENNIFER WARD ("Plaintiff"), by and through her attorneys of record, brings this Class Action Complaint against Defendant Sutter Valley Hospital ("Sutter" or "Defendant"), a California Corporation. and respectfully alleges the following:

**1.   INTRODUCTION**

1.     This is a class action for wage and labor violations arising out of Defendant's failure to pay wages for all time worked and failure to provide timely and uninterrupted meal and rest periods, and for derivative claims.

2.     As set forth below, Defendant Sutter failed to pay its nursing, surgical technicians and other related hospital employees straight and overtime wages for (1) time they worked off the clock handling mandatory patient care, (2) time they worked off the clock for hand offs between shifts to assist with handling mandatory patient care (3) time worked off the clock for on-call and standby time; (4) missed rest period for on-call and standby time; (5) loading programs before their shift and closing programs after their shift, (6) failed to provide timely and uninterrupted meal and rest periods to its California non-exempt employees in violation of California <u>Labor Code</u> §§ 512 and 226.7, (7) and the applicable Industrial Wage Order; failed to pay its employees one hour of pay at the regular rate of compensation for each instance that Defendant failed to properly calculate mandatory bonus pay and provide statutorily mandated rest periods and timely off-duty meal periods; failed to furnish timely and accurate wage statements; failed to pay all wages due upon termination; and, is in violation of California's Unfair Competition Law ("UCL").   Plaintiff seeks to represent all those employees similarly situated who are or were residents of the State of California.

3.     From at least **February 2015** to the filing of this action and through to the present, Defendant consistently maintained and enforced against Defendant's non-exempt employees, among others, the following unlawful practices and policies, in violation of California state wage and hour laws:

(a)     During the Relevant Time Period, Defendant has had a consistent policy of requiring employees to work more than eight (8) hours in any given day and/or more than forty (40) hours in any given week, and not pay overtime compensation pursuant to applicable federal and California <u>Labor Code</u> requirements;

**CLASS ACTION COMPLAINT**

(b)     During the Relevant Time Period, Defendant has had a consistent policy of failing to pay its employees wages for all hours worked;

(c)     During the Relevant Time Period, Defendant has had a consistent policy of requiring Class Members within the State of California, including Plaintiff, to work at least five (5) hours without a lawful meal period and failing to pay such employees one (1) hour of pay at the employees' regular rate of compensation for each workday that the meal period is not provided, as required by California laws and regulations;

(d)     During the Relevant Time Period, Defendant has had a consistent policy of failing to provide Class Members within the State of California, including Plaintiff, rest periods of at least (10) minutes per three and a half (3.5) hours worked and failing to pay such employees one (1) hour of pay at the employees regular rate of compensation for each workday that the rest period is not provided, as required by California state wage and hour laws;

(e)     During the Relevant Time Period, Defendant failed to provide accurate itemized wage statements and maintain accurate payroll records of Plaintiff's earned wages, bonus pay calculation in the regular rate of pay, and work periods as evidenced by Defendant's failure to keep adequate records of all hours worked and meal periods in accordance with the requirements of <u>Labor Code</u> sections 226, 226.3, 1174, and 1174.5.

4.     Plaintiff, on behalf of herself and all other Class Members, brings this action pursuant to California <u>Labor Code</u> §§ 201, 202, 203, 218, 218.6, 226, 226.3 226.7, 512, 558, 1174, 1174.5, 1194, 1198, and California <u>Code of Regulations</u>, Title 8, § 11040(11)(A), 11010(12)(A) et seq., seeking unpaid overtime, meal and rest period compensation, penalties, injunctive, and other equitable relief, and reasonable attorneys' fees and costs.

5.     Plaintiff, on behalf of herself and all Classes, pursuant to California <u>Business and Professions Code</u> §§ 17200-17208, also seeks injunctive relief and restitution for the unfair, unlawful, or fraudulent practices alleged in this Complaint.

///

**CLASS ACTION COMPLAINT**

## 2.   PARTIES

### A.   Plaintiff

6.   Plaintiff and Class Members are all residents of California. At relevant times herein, each of them individually were employed by Defendant as non-exempt employees in the State of California.

### B.   Defendant

7.   SUTTER VALLEY HOSPITALS a California Corporation, and all other DOES 1 through 100 named on this Complaint, own, operate and maintain hospitals in Sacramento County, California. Defendant is engaged in the healthcare business specifically providing hospital services. On information and belief, Defendant is a hospital that provides a full range of community health services. Sutter, which owns 24 hospitals, reported net income of $893 million in 2018 on $12.4 billion in revenue.  Sutter is engaged in business in Sacramento County and the State of California and is a type of business covered by the Professional, Technical, Clerical, Mechanical and Similar Occupations Industrial Welfare Commission Wage Order 4-2001, and as amended, and under some job classifications the Public Housekeeping Industry, Industrial Welfare Commission Wage Order 5-2001, as amended.

8.   The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendant sued herein as DOES 1 to 100, inclusive, are currently unknown to Plaintiff, who therefore sue Defendant by such fictitious names under California Code of Civil Procedure § 474.  Plaintiff is informed and believes, and based thereon alleges, that each of the defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein.  Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the defendants designated hereinafter as DOES when such identities become known.

9.   Plaintiff is informed and believes, and based thereon alleges, that each Defendant acted in all respects pertinent to this action as the agent of the other defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendants. Furthermore, Defendants in all respects acted as the employer and/or joint employer of Plaintiff and the Class Members.

**CLASS ACTION COMPLAINT**

10.     Venue as to each defendant is proper in this judicial district, pursuant to California <u>Code of Civil Procedure</u> § 395. On information and belief, Defendant operates and are doing business as in California and is doing business in the County of Sacramento, and each defendant is within the jurisdiction of this Court for service of process purposes. The unlawful acts alleged herein have a direct effect on Plaintiff and those similarly situated within the State of California.

**3.     FACTUAL BACKGROUND**

11.     Plaintiff JENNIER WARD is a resident of Rancho Cordova, California. Defendant hired Plaintiff in February 2007 to perform services as a surgical technician. Plaintiff has worked continuously for Defendant since the start of her employment. Plaintiff worked in the surgical unit at Capitol Pavilion Defendant paid wages to Plaintiff during her claim period at a regular rate of pay in excess of $30.00 per hour. During Plaintiff's employment Jeannie Humphreys served as the director of Capital Pavilion and managed all units, the pre/op, post/op and surgical unit among others. Defendant requires these employees to work long mandatory overtime hours and to work through lawful meal and rest breaks without receiving statutory compensation though it could be recorded in Kronos, the timekeeping system used at Sutter.  Other programs in the Epic system like email and patient care programs also captured time worked off the clock. The foregoing conduct allowed Defendant to unfairly compete in the California consumer healthcare market.

12.     Plaintiff was employed as a surgical technician, which is an hourly, non-exempt position working Plaintiff would often work eight (8) to twelve (12) hours per day and did not receive all of her meal and rest periods due to Defendant's strict demands. SUTTER do not have a policy or practice for compensating Plaintiff and their non-4 exempt employees in California for late or short meal periods. Further, during a period of Plaintiff's employment, Defendants only received pay for missed meal periods, not short or late ones.

13.     Plaintiff and the Defendant's non-exempt employees were directed, commanded, or suffered and permitted to perform that work or that Defendant's company policy and practice pressured or required employees to perform work while off-the-clock and Defendant knew or should have known that Plaintiffs and class members were performing that work not properly paid for all wages earned and for all wages when working more than eight (8) hours in any given day and/or more than forty (40) hours in any given week.

14.     Plaintiff and other class members were not paid for this time, even though: (1) no practical administrative difficulty of recording the additional time exists or existed for Defendant during the relevant time period; (2) it is or was feasible for Defendant to determine or estimate the average time it takes each employee to complete his or her pre-shift start-up sequence, as all class members at issue in this action needed the same computer programs/applications in order to perform their work duties.  *See also Troester v. Starbucks Corp*., (2018) 5 Cal.5th 829.

15.     Further, at the end of her shift, Plaintiff was required to clock out. She was then required to close all the programs and shut down the computer. This mandatory process took another 15 to 20 minutes each day and was unpaid.

16.     Upon information and belief, the hospitals and surgery centers were constantly busy and short staffed. Plaintiff was often with patients when her scheduled meal period started. Plaintiff was told by supervisors to take her meal period while working or one was entered for her. Plaintiff was told by her supervisors to input her meal period at the end of the day even though she did not receive one.  Rest breaks were often interrupted in the same manner or legally impossible as Plaintiff and the other employees where on-call. When Plaintiff complained to her supervisors about working through her meal and rest breaks, she was told that it was what was needed due to the hospital being short staffed and there was nothing that could be done.

17.     Additionally, when Plaintiff took her meal period she was not allowed to take her full uninterrupted 30-minute meal period. Plaintiff's supervisors would frequently come and get her because patients needed to be assisted. Plaintiff was never paid a meal period premium for those late or interrupted meal periods.

18.     Often, when Plaintiff's scheduled rest periods arrived, she was not allowed to take her breaks, because the hospital and/or surgery center was too busy and there was not enough staff to cover the teller windows. Plaintiff was never paid a premium for those missed or interrupted rest periods.

19.     Upon information and belief, the above-mentioned unlawful employment practices by Defendant was applied the same to all hospitals and surgery centers in the State of California.

20.     Defendant's conduct, as alleged here, has caused Plaintiff and class members damages including, but not limited to, loss of wages and compensation. Defendant is liable to Plaintiff and the

class for failing to pay all wages, straight and overtime, meal and rest break premiums, failing to pay all straight-time and overtime wages owed for each pay period, failing to provide timely and accurate wage statements, failing to pay all wages due.

21.     Plaintiff and the Defendant's non-exempt employees were not provided lawful meal periods, and were not provided with one (1) hour's wages in lieu thereof, in one or more of the following manners:

(a)     Class Members were not provided full thirty-minute duty free meal periods for work days in excess of five (5) hours and were not compensated one (1) hour's wages in lieu thereof, all in violation of, among others, Labor Code §§ 226.7, 512, and the applicable Industrial Welfare Commission Wage Order(s);

(b)     Class Members were not provided a second full thirty-minute duty free meal period for work days in excess of ten (10) hours and were not compensated one (1) hour's wages in lieu thereof, all in violation of, among others, Labor Code §§ 226.7, 512, and the applicable Industrial Welfare Commission Wage Order(s);

(c)     Class Members were required to work through at least part of their daily meal period(s); and

(d)     Class Members were restricted in their ability to take a full thirty-minute meal period.

(e)     Defendant did not comply with its obligation as an employer to permit and authorize Plaintiff and its other non-exempt employees to be relieved of all duties during their daily meal period.

22.     Plaintiff and the Defendant's non-exempt employees were not provided lawful rest periods, and were not provided with one (1) hour's wages in lieu thereof, in one or more of the following manners:

(a)     Class Members were required to work without being provided a minimum ten (10) minute rest period for every three and a half (3.5) hours worked and were not compensated one (1) hour of pay at their regular rate of compensation for each workday that a rest period was not provided; and

(b)     Class Members were restricted in their ability to take their full ten (10) minutes net rest time.

23.     As a result of these illegal policies and practices, Defendant engaged in and enforced the

**CLASS ACTION COMPLAINT**

following additional unlawful practices and policies against Plaintiffs and the Class Members they seek to represent:

      (a)     failing to pay Class Members who either were discharged, laid off, or resigned in accordance with the requirements of Labor Code §§ 201, 202, 203;

      (b)     failing to pay Class Members; and

      (c)     failing to provide and maintain accurate records of Class Members' earned wages and meal periods in violation of Labor Code §§ 226 and 1174(d) and section 5 of the applicable IWC Wage Orders.

24.     Defendant's non-exempt employees spend the majority of their time doing routine non-discretionary tasks.  These duties occupy more than fifty percent of their work time.

25.     At relevant times herein, the named Plaintiff and the Class Members were employed by Defendant and were paid on an hourly basis.

26.     Plaintiff and the Defendant's employees were not paid for all hours worked, whether regular time or overtime, and/or at many times would work overtime hours.  Said overtime and regular hours were worked by Plaintiff and the Class and not paid and Defendant intentionally failed to pay for those hours even though they were actually worked and recorded on their time keeping system.

27.     On information and belief, Plaintiff alleges that Defendant's actions as described throughout this Complaint were willful.

28.     Defendant has made it difficult to account with precision for the unlawfully withheld meal and rest period compensation owed to Defendant's non-exempt employees, including Plaintiff, during the liability period, because they did not implement and preserve a record-keeping method as required for non-exempt employees by California Labor Code §§ 226, 1174(d), and section 4 of the California Wage Orders. Defendant has failed to comply with Labor Code § 226(a) by accurately reporting total hours worked by Plaintiff and the Class Members.  They are therefore entitled to penalties not to exceed $4,000 for each employee pursuant to Labor Code § 226(b).

29.     Defendant has failed to comply with section 4 of the California IWC Wage Orders by failing to maintain time records showing when the employee begins and ends each work period, meal periods, wages earned pursuant to Labor Code § 226.7, and total daily hours worked by itemizing in

wage statements all deductions from payment of wages and accurately reporting total hours worked by the Class Members.

30.   **The Fair Labor Standards Act:** The FAIR LABOR STANDARDS ACT OF 1938, as amended, 29 U.S.C. §§ 201 et seq., (hereinafter referred to as "FLSA") provides for minimum standards for both wages and overtime entitlement, and details administrative procedures by which covered work time must be compensated. The enactment of the provisions of the FLSA provide the Courts with substantial authority to stamp out abuses and enforce the overtime pay provisions at issue in this Complaint.  According to Congressional findings, the existence of Labor conditions detrimental to the maintenance of the minimum standard of living engenders unfair commercial competition, labor disputes, and barriers to commerce and the free flow of goods in commerce, and interferes with the orderly and fair marketing of goods.

**4.**   **CLASS ALLEGATIONS**

31.   Plaintiff brings this action on behalf of herself and all others similarly situated as a class action pursuant to California Code of Civil Procedure § 382.  Plaintiff seeks to represent Classes composed of and defined as follows:

> **All persons who are employed or have been employed by Defendant in the State**
>
> **of California who, for the four years prior to the filing of this class action to the**
>
> **present, have worked as non-exempt employees.**

Further, Plaintiff seeks to represent the following subclasses composed of and defined as follows:

(a)   **Subclass 1. Unpaid Overtime Subclass.**  All persons who are employed or have been employed by Defendant in the State of California who, for the four years prior to the filing of this class action to the present, have worked as non-exempt employees and were not paid overtime for hours worked beyond eight (8) hours in a single day or for hours worked beyond 40 in a single week pursuant to applicable the Labor Code and applicable IWC Wage Orders.

(b)   **Subclass 1. Unpaid Wage Subclass.**  All persons who are employed or have been employed by Defendant in the State of California who, for the four years prior to the filing of this class action to the present, have worked as non-exempt employees and were not paid all hours worked pursuant to applicable Labor Code §§ 510, 511, 1174, 1174.5, 1194 and 1198.

(c)   **Subclass 2.1  Meal Break Subclass 1.** All persons who are employed or have been employed by Defendant in the State of California who, for the four years prior to the filing of this class action to the present, have worked as non-exempt employees and have not been provided a meal period for every five (5) hours or

major fraction thereof worked per day, and were not provided one (1) hour's pay for each day on which such meal period was not provided pursuant to <u>Labor Code</u> § 226.7 and § 512.

(d)   **Subclass 2.2  Meal Break Subclass 2.** All persons who are employed or have been employed by Defendant in the State of California who, for the four years prior to the filing of this class action to the present, have worked as non-exempt employees and who worked over ten (10) hours in a shift and did not receive a second meal period;

(e)   **Subclass 2.3  Meal Break Subclass 3.** All persons who are employed or have been employed by Defendant in the State of California who, for the four years prior to the filing of this class action to the present, have worked as non-exempt employees and who were required to sign meal waivers as a condition of employment when hired by Defendant.

(f)   **Subclass 2.4  Meal Break Subclass 4.**  All persons who are employed or have been employed by Defendant in the State of California who, for the four years prior to the filing of this class action to the present, have worked as non-exempt employees and, who signed meal waivers for the second meal and worked over 12 hours in a shift.

(g)   **Subclass 3.   Rest Period Subclass.** All persons who are employed or have been employed by Defendant in the State of California who, for the four years prior to the filing of this class action to the present, have worked as non-exempt employees and have not been provided a rest period for every three and a half (3.5) hours worked per day, and were not provided compensation of one (1) hour's pay for each day on which such rest period was not provided pursuant to <u>Labor Code</u> § 226.7 and § 512.

(h)   **Subclass 4. Paystub Subclass.**  All persons who are employed or have been employed by Defendant in the State of California who, for the four years prior to the filing of this class action to the present, have worked as non-exempt employees and were not provided an itemized statement accurately showing total hours worked, the applicable hourly rates in effect during each pay period and the corresponding hours worked at each rate pursuant to <u>Labor Code</u> § 226 and 1174.

(i)   **Subclass   5.   Wages  Twice  Monthly  Subclass.**   All persons who are employed or have been employed by Defendant in the State of California who, for the four years prior to the filing of this class action to the present, have worked as non-exempt employees and were not provided all wages twice monthly pursuant to <u>Labor Code</u> § 204.

(j)   **Subclass 6.  Failure to Pay Termination Pay Subclass.**  All persons who are employed or have been employed by Defendant in the State of California who, for the four years prior to the filing of this class action to the present, have worked as non-exempt employees and were not provided all wages and applicable penalties due to them pursuant to the <u>Labor Code</u> and applicable IWC <u>Wage Orders.</u>

(k)   **Subclass 7.  B&PC § 17200 Subclass.**  All persons who are employed or have been employed by Defendant in the State of California who, have worked as non-exempt employees and who were subjected to Defendant's unlawful,

unfair or fraudulent business acts or practices in the form of <u>Labor Code</u> violations regarding overtime, meal periods, rest periods, expense reimbursement or minimum wages and/or waiting time penalties.

32.     Plaintiff reserves the right under <u>Rule</u> 1855(b) of the California <u>Rules of Court</u>, to amend or modify the class descriptions with greater specificity or to provide further division into subclasses or limitation to particular issues.

33.     This action has been brought and may properly be maintained as a class action under the provisions of the California <u>Code of Civil Procedure</u> § 382 because there is a well-defined community of interest in the litigation and the proposed Classes are easily ascertainable.

A.     **Numerosity**

34.     The potential members of each Class as defined are so numerous that joinder of all the members of the Class is impracticable. While the precise number of Class Members has not been determined at this time, Plaintiff is informed and believes that Defendant currently employ, and during the relevant time periods employed, at least several hundred employees in positions as Defendant's non-exempt employees in California, who are or have been affected by Defendant's unlawful practices as alleged herein.

35.     Accounting for employee turnover during the relevant periods necessarily increases this number substantially. Upon information and belief, Plaintiff alleges Defendant's employment records would provide information as to the number and location of all Class Members.  Joinder of all members of the proposed Classes is not practicable.

B.     **Commonality**

36.     There are questions of law and fact common to each Class predominating over any questions affecting only individual Class Members. These common questions of law and fact include, without limitation:

(a)     Whether Defendant violated the <u>Labor Code</u>, the applicable IWC Wage Orders, and Cal. <u>Code of Regulations</u>, Title 8, section 11040 *et seq.* by failing to pay overtime after eight (8) hours of work in one day or forty (40) hours of work in one work week by forcing Plaintiff and class members to meet strict production goals;

(b)     Whether Defendant violated <u>Labor Code</u> §§ 226.7 and 512, section 4 of the IWC

**CLASS ACTION COMPLAINT**

Wage Orders, and Cal. Code of Regulations, Title 8, section 11040 *et seq.* by failing to provide a meal period to non-exempt employees on days they worked work periods in excess of five (5) hours and/or ten (10) hours worked and failing to compensate said employees one (1) hour of wages in lieu of meal periods;

(c)   Whether Defendant violated <u>Labor Code</u> § 226.7 and the IWC Wage Orders, and Cal. <u>Code of Regulations</u>, Title 8, section 11040 *et seq.* by failing to provide daily ten (10) minute rest periods to non-exempt employees for every three and a half (3.5) hours and/or seven (7) hours worked and failing to compensate said employees one (1) hour of wages in lieu of rest periods;

(d)   Whether Defendant violated <u>Labor Code</u> § 226, 226.3 and § 1174, 1174.5 and the IWC Wage Orders by failing to provide the correct name of the employer, proper calculation of wages and maintain accurate records of Class Members' earned wages and work periods;

(e)   Whether Defendant violated <u>Labor Code</u> § 1194 by failing to compensate all employees during the relevant time period for all hours worked, whether regular or overtime;

(f)   Whether Defendant violated <u>Business and Professions Code</u> § 17200 *et seq.* by failing to provide meal and rest periods without compensating non-exempt employees all wages, one (1) hour's pay for every day such periods were not provided, failing to pay compensation for denied meal and rest periods due and owing at the time a Class Member's employment with Defendant terminated, and failing to keep accurate records;

(g)   Whether Defendant properly paid the Class Members the correct overtime rate;

(h)   Whether Defendant violated § 17200 *et seq.* of the <u>Business and Professions Code</u>, <u>Labor Code</u> §§ 201-203, 226, 226.7, 510, 512, 1174, 1174.5 1194, 1198, and applicable IWC Wage Orders, which violation constitutes a violation of fundamental public policy; and

(i)   Whether Plaintiff and the Class Members are entitled to equitable relief pursuant to

**CLASS ACTION COMPLAINT**

Business and Professions Code § 17200 *et seq.*

There are common answers to these questions which further demonstrate that class treatment in appropriate in this case.

**C.      Typicality**

37.     The claims of the named Plaintiff are typical of the claims of the Class Members. Plaintiff and all members of each Class sustained injuries and damages arising out of and caused by Defendant's common course of conduct in violation of California laws, regulations, and statutes as alleged herein.

**D.      Adequacy of Representation**

38.     Plaintiff will fairly and adequately represent and protect the interests of the members of each Class. The attorneys who represent Plaintiff are competent and experienced in litigating large employment class actions.

**E.      Superiority of Class Action**

39.     A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to each Class predominate over any questions affecting only individual members of the Class.   Each member of the Class has been damaged and is entitled to recovery by reason of Defendant's unlawful policies and practices alleged in the Complaint.

40.     Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

**5.      DELAYED DISCOVERY**

41.     Defendant, as a prospective and actual employer of non-exempt, nursing employees, had a special fiduciary duty to disclose to prospective Plaintiff Classes the true facts surrounding Defendant's pay practices, policies and working conditions imposed upon non-exempt, hourly employees as well as the effect of any alleged arbitration agreements that may have been forced upon them. In addition, Defendant knew they possessed special knowledge about pay practices and policies, most notably intentionally refusing to pay

**CLASS ACTION COMPLAINT**

1  overtime and straight time hours actually worked and recorded on Defendant's punch records and the

2  consequence of any alleged arbitration agreements on the employees and class as a whole.

3      42.     Plaintiff and Plaintiff Classes did not discover the fact that they were entitled to all pay under

4  the Labor Code until shortly before the filing of this lawsuit nor was there ever any discussion about Plaintiffs

5  and the Class' wavier of their Constitutional rights of trial by jury, right to collectively organize and oppose

6  unlawful pay practices under California and federal law as well as obtain injunctive relief preventing such

7  practices from continuing. As a result, the applicable statutes of limitation were tolled until such time as

8  Plaintiffs discovered their claims.

9                          **FIRST CAUSE OF ACTION**

10                  **FOR FAILURE TO PAY WAGES UNDER THE FLSA**

11                       **[FLSA 29 USC §§ 203, 206, 207]**

12                          **(Against All Defendants)**

13      43.     Plaintiff and the members of the Class (and subclasses) and the FLSA collective re-allege

14  and incorporate by reference all of the allegations in the preceding paragraphs of this complaint as though

15  fully set forth herein.

16      44.     At all relevant times hereto, Defendant has been an "enterprise engaged in commerce or in

17  the production of goods for commerce," as defined under 29 U.S.C. § 203(s)(l).

18      45.     Plaintiff is informed and believes, and thereon alleges, that Defendant has required the

19  Plaintiff and FLSA collective employees as part of their employment to work off the clock and for less

20  than minimum wage under 29 U.S.C. § 206(a)(1). That Section provides the following:

21      Every employer shall pay to each of his employees who in any workweek is engaged in

22  commerce or in the production of goods for commerce, or is employed in an enterprise engaged in

23  commerce or in the production of goods for commerce, wages at the following rates:

24      (1) except as otherwise provided in this section, not less than—
        (A) $5.85 an hour, beginning on the 60th day after May 25, 2007;

25      (B) $6.55 an hour, beginning 12 months after that 60th day; and

26      (C) $7.25 an hour, beginning 24 months after that 60th day;…

27      46.     Plaintiff is informed and believes, and thereon alleges, that Defendant required Plaintiff

28  and requires the FLSA collective employees to       work without overtime in excess of the forty (40)

_____
**CLASS ACTION COMPLAINT**

hours per week maximum under 29 U.S.C. § 207(a)(I). That Section provides the following:

> Except as otherwise provided in this section, no employer shall employ any of his employees ... for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate which is not less than one and one-half times the regular rate at which he is employed.

47.     In the performance of their duties for Defendant, Plaintiff and members of the FLSA collective employees often did work off the clock and over forty (40) hours per week and did not receive minimum wages and overtime compensation for the work, labor and services they provided to Defendant, as required by the FLSA, 29 U.S.C. §§ 206 and 207.

48.     The precise number of unpaid wages and unpaid overtime hours will be proven at trial.

49.     The FLSA also imposes a record-keeping requirement on employers, including the obligation to keep accurate records of all hours worked by employees. Defendant has knowingly and willfully failed and continue to willfully fail to record, report, and/or preserve accurate records of all hours worked by Plaintiff and FLSA collective employees. By failing to record, report, and/or preserve records of all hours worked by Plaintiff and the FLSA collective employees, Defendant has violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201, *et seq.*

50.     Plaintiff proposes to undertake appropriate proceedings to have such FLSA Class Members aggrieved by Defendant's unlawful conduct notified of the pendency of this action and to provide them with the opportunity to join this action as plaintiffs, pursuant to 29 U.S.C. § 216(b), by filing written consents to joinder with the Court.

51.     Defendant's violations of the FLSA were willful within the meaning of the statue and interpretive case law and decisions.

52.     As a result, Plaintiff seeks judgment against Defendant on his own behalf and on behalf of those FLSA collective employees similarly situated who file written consents to joinder in this action, for all unpaid wages, including minimum and overtime wages owed by Defendant, pursuant to 29 U.S.C. §§ 206 and 207, together with an award of an additional equal amount as liquidated damages, and costs, interest, and reasonable attorneys' fees, as provided for under 29 U.S.C. § 216(b) and which may be brought in "any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of herself or themselves and other employees similarly situated."

**CLASS ACTION COMPLAINT**

**SECOND CAUSE OF ACTION**

**FOR FAILURE TO PAY WAGES INCLUDING OVERTIME**

**[CALIFORNIA LABOR CODE §§ 510, 1194 and 1198]**

**(Against All Defendants)**

53.     Plaintiff and the Plaintiff Classes re-allege and incorporate by reference, the paragraphs previously alleged in this Complaint.

54.     This claim is brought by Plaintiff, on behalf of herself and on behalf of the Plaintiff Classes and the subclasses thereof.

55.     In California, employees must be paid at least the then applicable state minimum wage for all hours worked.  (IWC Wage Order MW-2014).

56.     Labor Code §§ 1194 and 1198 provide that employees in California shall not be employed more than eight (8) hours in any work day, and/or more than forty hours in any workweek or work a seventh (7th) day in a work week unless they receive additional compensation beyond their regular wages in amounts specified by law.

57.     Labor Code § 1194 provides that an employee who has not been paid overtime compensation as required by Labor Code § 1198 may recover the unpaid balance of the full amount of such overtime compensation, together with costs of suit, as well as liquidated damages in an amount equal to the overtime compensation unlawfully withheld, and interest thereon, in a civil action. The action may be maintained directly against the employer in his name without first filing a claim with the Department of Labor Standards and Enforcement.

58.     At all times relevant hereto, IWC Wage Order No. 4-2001 applied, and applies, to Plaintiff's employment with Defendant.

59.     At all times relevant hereto, IWC Wage Order No. 4-2001 (3)(A) provides for payment of overtime wages equal to one and one-half times an employee's regular rate of pay for all hours worked over eight (8) hours a day and/or forty (40) hours in a work week.

60.     At all times relevant hereto, IWC Wage Order No. 4-2001 (3)(A) provides for payment of overtime wage equal to one and one-half (1 ½) times an employee's regular rate of pay for all hours worked over eight (8) hours up to and including twelve (12) hours in any workday, and for the first eight (8) hours on

**CLASS ACTION COMPLAINT**

the seventh (7th) consecutive day of work in a work week.

61.     At all times relevant hereto, IWC Wage Order No. 4-2001 (3)(A) provides for payment of overtime wage equal to double the employee's regular rate of pay for all hours worked over twelve (12) hours in any workday, and for all hours worked over eight (8) hours on the seventh (7th) consecutive day of work in a work week.

62.     Defendant, has intentionally and improperly failed to pay wages for all hours worked including failing to pay for all shift differential pay, failed to add shift differential pay in the regular rate for purposes of calculating overtime wages, that resulted in an underpayment of wages to Plaintiff and the Class Members while benefiting Defendant and to avoid payment of overtime wages and other benefits in violation of California Code of Regulations and the guidelines set forth by the Division of Labor Standards and Enforcement.

63.     At all times relevant hereto, from time to time, Plaintiff and Class Members have worked more than eight (8) hours in a workday, and/or more than forty (40) hours in a workweek, as employees of Defendant.

64.     At all times relevant hereto, from time to time, Plaintiff and Class Members have worked more than twelve (12) hours in a workday, and/or more than eight (8) hours on the seventh (7th) consecutive workday in a workweek, as employees of Defendant.

65.     At all times relevant hereto, the Defendant failed to pay to Plaintiff and Class Members overtime compensation for the hours they have worked in excess of the maximum hours permissible by law as required by Labor Code §§ 1194, 1197 and 1198 and the provisions of IWC Order No. 4-2001, as amended Cal. Code of Regulations Title 8 § 11040.

66.     By virtue of the Defendant's unlawful failure to pay additional compensation to Plaintiff and Class Members for overtime hours, Plaintiff and the Plaintiff Classes have suffered, and will continue to suffer, damages in amounts which are presently unknown to Plaintiff, but which exceed the jurisdictional limits of this Court and which will be ascertained according to proof at trial.

67.     Plaintiff is informed and believes, and based upon that information and belief allege, that Defendant knew or should have known that non-exempt, hourly employees did not qualify as exempt employees and purposely elected not to pay Plaintiff and all other non-exempt, hourly employees for their

**CLASS ACTION COMPLAINT**

1  overtime labor.

2      68.    Defendant acted intentionally, oppressively and maliciously toward Plaintiff and similarly

3  situated non-exempt, hourly employees with a conscious disregard of the Plaintiff and Plaintiff Classes' rights,

4  or the consequences suffered by Plaintiff and Plaintiff Classes, with the intent of depriving the Plaintiff and

5  Plaintiff Classes of property and legal rights and otherwise causing Plaintiff and Plaintiff Classes injury.

6      69.    Plaintiff individually, and on behalf of members of the Plaintiff Classes, request recovery of

7  overtime compensation according to proof, interest, attorneys' fees and costs pursuant to Labor Code §§ 218.5

8  and 1194(a), as well as the assessment of any statutory penalties against these Defendant and any additional

9  sums as provided by the Labor Code and/or other statutes.

10      70.    Further, Plaintiff and the Plaintiff Classes are entitled to seek and recover reasonable

11  attorneys' fees and costs pursuant to Labor Code §§ 210 and 1194.

12  **THIRD CAUSE OF ACTION**

13  **FOR FAILURE TO PROVIDE MEAL PERIODS**

14  **[CALIFORNIA LABOR CODE §§ 226.7 and 512, and CODE OF REGULATIONS, Title 8, § 11010]**

15  **(Against All Defendants)**

16      71.    Plaintiff and the Plaintiff Classes (and subclasses) re-allege and incorporate by reference, as

17  though fully set forth herein, the paragraphs previously alleged in this Complaint.

18      72.    This claim is brought by Plaintiff, on behalf of herself and on behalf of the Plaintiff Classes

19  and the subclasses thereof.

20      73.    Labor Code §§ 226.7 and 512 and Cal. Code of Regulations, Title 8, § 11040(11)(A), provides

21  that no employer shall employ any person for a work period of more than five (5) hours without a meal period

22  of not less than thirty (30) minutes.

23      74.    Labor Code § 226.7 and Cal. Code of Regulations, Title 8, § 11040(11)(B) provides that if an

24  employer fails to provide an employee a meal period in accordance with this section, the employer shall pay

25  the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the

26  meal period is not provided.

27      75.    Defendant failed to provide Plaintiff and Plaintiff Class with meal periods, as employees were

28  always scheduled to work alone, and thus, had no opportunity to take an uninterrupted meal period as required

**CLASS ACTION COMPLAINT**

by the <u>Labor Code</u>.

76.     Defendant has intentionally and improperly denied meal periods to the Plaintiff Classes in violation of <u>Labor Code</u> §§ 226.7 and 512 and Cal. <u>Code of Regulations</u>, Title 8, § 11040(11)(A) and other regulations and statutes.

77.     At all times relevant hereto, Plaintiff and the Plaintiff Classes have worked more than five (5) hours in a workday.

78.     At all times relevant hereto, the Defendants, and each of them, failed to provide meal periods as required by <u>Labor Code</u> §§ 226.7 and 512 and Cal. <u>Code of Regulations</u>, Title 8, § 11040(11)(A).

79.     By virtue of the Defendants' unlawful failure to provide meal periods to Plaintiff and the Plaintiff Classes, Plaintiff and the Plaintiff Classes have suffered, and will continue to suffer, damages in amounts which are presently unknown to Plaintiff, but which exceed the jurisdictional limits of this Court and which will be ascertained according to proof at trial.

80.     The Plaintiff Classes are informed and believe, and based upon that information and belief allege, that Defendants, and each of them, purposely elected not to provide meal periods.

81.     Defendants, and each of them, acted intentionally, oppressively and maliciously toward Plaintiff and the Plaintiff Classes with a conscious disregard of their rights, or the consequences to Plaintiff and the Plaintiff Classes, with the intent of depriving them of property and legal rights and otherwise causing Plaintiff and the Plaintiff Classes injury. Plaintiff, individually, and on behalf of the Plaintiff Classes, requests recovery of meal period compensation pursuant to <u>Labor Code</u> §§ 226.7 and Cal. Code of Regulations, Title 8, §11040(11)(B), as well as the assessment of any statutory penalties against these Defendants, and each of them, in a sum as provided by the <u>Labor Code</u> and other statutes.

**FOURTH CAUSE OF ACTION**

**<u>FOR FAILURE TO PROVIDE REST PERIODS</u>**

**[CALIFORNIA <u>LABOR CODE</u> §§ 226.7 and 512, and <u>CODE OF REGULATIONS</u>, Title 8, §11010]**

**(Against All Defendants)**

82.     Plaintiff and the Plaintiff Classes (and subclasses) re-allege and incorporate by reference the paragraphs previously alleged in this Complaint.

83.     <u>Labor Code</u> §§ 226.7 and Cal. <u>Code of Regulations</u>, Title 8, § 11040(12)(A), provides that

employers authorize and permit all employees to take rest periods at the rate of ten (10) minutes net rest time per three and a half (3.5) work hours.

84.     Labor Code §§ 226.7 and Cal. Code of Regulations, Title 8, § 11040(12)(B), provides that if an employer fails to provide an employee rest periods in accordance with this section, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

85.     Defendants, and each of them, have intentionally and improperly denied rest periods to Plaintiff and the Plaintiff Classes in violation of Labor Code §§ 226.7 and 512 and Cal. Code of Regulations, Title 8, § 11040(12)(A).

86.     At all times Plaintiff and the Plaintiff Classes, have worked more than four hours in a workday.

87.     At all times the Defendants, and each of them, failed to provide rest periods as required by Labor Code §§ 226.7 and Cal. Code of Regulations, Title 8, § 11040(12)(A).

88.     By virtue of the Defendants' unlawful failure to provide rest periods to the Plaintiff and Plaintiff Classes, Plaintiff and Plaintiff Classes have suffered, and will continue to suffer, damages in amounts which are presently unknown to the Plaintiff and Plaintiff Classes, but which exceed the jurisdictional limits of this Court and which will be ascertained according to proof at trial.

89.     Plaintiff and the Plaintiff Classes are informed and believe, and based upon that information and belief allege, that Defendants, and each of them, knew or should have known that Plaintiff was entitled to rest periods and purposely elected not to provide rest periods.

90.     Defendants, and each of them, acted intentionally toward Plaintiff and the Plaintiff Classes with a conscious disregard of their rights with the intent of depriving Plaintiff and the Plaintiff Classes of property and legal rights and otherwise causing the Plaintiff Classes injury.

91.     Plaintiff, individually, and on behalf of employees similarly situated, requests recovery of rest period compensation pursuant to Labor Code §§ 226.7 and Cal. Code of Regulations, Title 8, § 11040(12)(B), as well as the assessment of any statutory penalties against these Defendants, and each of them, in a sum as provided by the Labor Code and/or other statutes.

**CLASS ACTION COMPLAINT**

**FIFTH CAUSE OF ACTION**

**FOR FAILURE TO FURNISH ITEMIZED STATEMENTS**

**[CALIFORNIA LABOR CODE §§ 226, 1174]**

**(Against All Defendants)**

92.     Plaintiff and the Plaintiff Classes (and subclasses) re-allege and incorporate by reference, as though fully set forth herein, the paragraphs previously alleged in this Complaint.

93.     This claim is brought by Plaintiff, on behalf of herself and on behalf of the Plaintiff Classes and the subclasses thereof.

94.     Throughout the liability period, Defendants intentionally failed to furnish to Plaintiff and the Class Members, upon each payment of wages, itemized statements accurately showing: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate paid on a piece-rate basis, (4) all deductions, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or him social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee pursuant to Labor Code § 226, amongst other statutory requirements.

95.      As a result of Defendants' conduct, Plaintiff and the Plaintiff Classes have suffered injury in that, among other things, the lack of the required information hindered him from determining the amount of wages owed to them and led them him to believe they were not entitled to be paid wages for overtime, missed meal and rest breaks, or for each hour of labor they performed, although she was so entitled.  The absence of accurate wage statements has prevented timely challenges to Defendants' unlawful pay practices, caused difficulty and expense in attempting to reconstruct time and pay records, and resulted in the submission by Defendants of inaccurate information about wages and deductions from wages to state and federal government agencies. Plaintiff and the Plaintiff Classes entitlement to state benefits is based upon the total amount of wages earned and deductions from wages as reflected on his wage statements, and she is thereby injured by the Defendants' failure to report the total amount of wages earned during each pay period on each paycheck stub. As a result of Defendants' conduct, Plaintiff and the Plaintiff Classes have suffered injury because his

**CLASS ACTION COMPLAINT**

legal right to receive accurate wage statements was violated.

96.     Plaintiff and the Class Members suffered injury as a result of Defendants' knowing and intentional failure to provide them with the wage and hour statements as required by law and are presumed to have suffered injury and entitled to penalties under Labor Code § 226(e), as the Defendants have failed to provide a wage statement, failed to provide accurate and complete information as required by any one or more of items Labor Code § 226 (a)(1) to (9), inclusive, and the Plaintiff and Class Members cannot promptly and easily determine from the wage statement alone one or more of the following: (i) The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a), (ii) Which deductions the employer made from gross wages to determine the net wages paid to the employee during the pay period, (iii) The name and address of the employer and, (iv) The name of the employee and only the last four digits of his or him social security number or an employee identification number other than a social security number.  For purposes of Labor Code § 226(e) "promptly and easily determine" means a reasonable person [i.e. an objective standard] would be able to readily ascertain the information without reference to other documents or information.

97.     Plaintiff and the Plaintiff Classes are entitled to the amounts provided in Labor Code § 226(e), plus costs and attorneys' fees.  The failure to provide accurate itemized wage statements entitles Plaintiff to statutory and civil penalties provided in Labor Code §§ 226.3, and 558.

## SIXTH CAUSE OF ACTION

## FOR FAILURE TO PAY WAGES DUE AND PAYABLE TWICE MONTHLY

### [CALIFORNIA LABOR CODE § 204]

### (Against All Defendants)

98.     Plaintiff and the Plaintiff Classes re-allege and incorporate by reference, as though fully set forth herein, the paragraphs previously alleged in this Complaint.

99.     Labor Code § 204 requires that all wages are due and payable twice in each calendar month.

100.     The wages required by Labor Code §§ 226.7 and 1194 became due and payable to each employee in each month that he or she was not provided with a meal period or rest period or paid straight or

**CLASS ACTION COMPLAINT**

overtime wages to which he or she was entitled.

101.     Defendants violated <u>Labor Code</u> § 204 by systematically refusing to pay wages due under the <u>Labor Code</u>.

102.     As a result of the unlawful acts of Defendants, Plaintiff and the Plaintiff Classes she seeks to represent have been deprived of wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, pursuant to <u>Labor Code</u> §§ 218.5 and 1194 and an injunction pursuant to <u>Labor Code</u> § 1194.5 to cease this conduct.

**SEVENTH CAUSE OF ACTION**

**<u>FOR FAILURE TO PAY WAGES UPON ENDING EMPLOYMENT</u>**

**[CALIFORNIA LABOR CODE §§ 201-203]**

**(Against Defendants and DOES 1 through 100)**

103.     Plaintiff and the Members of the Class (and Plaintiff Classes) re-allege and incorporate by reference, as though fully set forth herein, the paragraphs previously alleged in this Complaint.

104.     Plaintiff and many of the Class Members quit or were discharged from their employment with Defendants within the applicable statute of limitations.

105.     However, Defendants failed to pay them without abatement, all wages as defined by applicable California law. Among other things, these employees were not paid any of the overtime compensation or premium pay referred to in this Complaint. Defendants' failure to pay said wages within the required time was willful within the meaning of <u>Labor Code</u> § 203.

106.     Therefore, each of these employees is entitled to one day's wages for each day he or she was not timely paid all said wages due, up to a maximum of thirty (30) days' wages for each employee.  Since none of the employees were ever paid the overtime wages to which they were entitled, as referred to in this Complaint, each of the employees is entitled to thirty (30) days of wages.

107.     As a result of the unlawful acts of Defendants, Plaintiff and the Class Plaintiff seeks to represent have been deprived of wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, pursuant to the California <u>Labor Code</u>.

**CLASS ACTION COMPLAINT**

**EIGHTH CAUSE OF ACTION**

**FOR UNLAWFUL COMPETITION AND UNLAWFUL BUSINESS PRACTICES**

**[CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17200, *et seq.*]**

**(Against All Defendants)**

108.    Plaintiff and the Plaintiff Classes (and subclasses) re-allege and incorporate by reference, as though fully set forth herein, the paragraphs previously alleged in this Complaint.

109.    This claim is brought by Plaintiff, on behalf of herself and on behalf of the Plaintiff Classes and the subclasses thereof.

110.    At all times relevant hereto, from time to time, the Plaintiff Classes have worked more than eight (8) hours in a workday, and/or more than forty (40) hours in a workweek, as employees of Defendants. The representative Plaintiff herein and members of the Plaintiff Classes have had their hours adjusted, changed and/or modified to not reflect their actual number of hours worked per day and per pay period.

111.    At all times relevant hereto, from time to time, Plaintiff and Class Members have worked more than twelve (12) hours in a workday, and/or more than eight (8) hours on the seventh (7th) consecutive workday in a workweek, as employees of Defendants. The representative Plaintiff herein and members of the Plaintiff Classes have had their hours adjusted, changed and/or modified to not reflect their actual number of hours worked per day and per pay period.

112.    At all times relevant hereto, from time to time, Plaintiff and the Plaintiff Classes have been denied meal breaks by Defendants.

113.    At all times relevant hereto, from time to time, Plaintiff and the Plaintiff Classes have been denied rest breaks by Defendants.

114.    Defendants are "persons" as defined under of Business & Professions Code § 17021.

115.    Since at least **February 2015** and at all times relevant hereto, by and through the conduct described herein, the Defendants have engaged in unfair, unlawful and fraudulent business practices, in violation of California Business & Professions Code §§ 17200, *et seq*., and have thereby deprived Plaintiff, and all persons in interest, of fundamental rights and privileges guaranteed to all employees under California law.

**CLASS ACTION COMPLAINT**

116.    Defendants, as set forth herein engaged in false, unfair and misleading business practices, consisting of acts and omissions that include, but are not limited to:

(a)    The fact that Defendants required non-exempt, hourly employees to work more than three and a half (3.5) hour shifts without a ten (10) minute rest period;

(b)    The fact that Defendants required non-exempt, hourly employees to work more than five (5) hour shifts without a thirty (30) minute meal period;

(c)    The fact that Defendants adjusted, altered and/or changed time and/or pay schedules to reflect that they had not worked all straight time hours;

(d)    The that Defendants required non-exempt, hourly employees to work more than forty (40) hours per week and then adjusted, altered and/or changed the end date, or day, of the pay period to reflect that they had not worked overtime hours;

(e)    The fact that Defendants  required non-exempt, hourly employees to work more than five (5) hours per week without a thirty (30) minutes rest period, and then adjusted, altered and/or changed schedules and/or time clocks to reflect that they had received a thirty (30) minute meal period;

(f)    The fact that Defendants kept no detailed records of non-exempt, hourly employees' actual daily work activities, in part, to prevent Plaintiff and Plaintiff Classes from recovering overtime wages from Defendants after the discovery of Defendants' deceptive, fraudulent, false, unfair and unlawful conduct;

(g)    The fact that Defendants failed to pay all earned wages to Plaintiff and Plaintiff Class twice monthly for all hours worked;

(h)    The fact that employees who complained about these practices were terminated from their employment and not paid all wages and penalties dude;

(i)    The fact that Defendants failed to pay all earned wages to Plaintiff and Plaintiff Class as they failed to calculate overtime rate correctly which lead to underpayment of wages including overtime wages;

(j)    The fact that Defendants' activities related to their failure to disclose material and relevant information constitutes violations of Business & Professions Code § 17200;

**CLASS ACTION COMPLAINT**

and,

(k)     The fact that non-exempt, hourly employees employed by Defendants are entitled to overtime wages, as required by <u>Labor Code</u> §§ 1194 and 1198.  The failure to pay overtime wages is "unlawful" pursuant to Cal. of <u>Business & Professions Code</u> §§17200, *et seq.*

(l)     The fact that Defendant's conduct constitutes unlawful business acts and practices by violating California law including, but not limited to, <u>Labor Code</u> §§ 201, 202, 203, 218, 218.6, 226, 226.3 226.7, 512, 1174, 1174.5, 1194, 1198,  and 2699 ("PAGA") as well as the applicable Wage Order.

117.    Defendants, and each of them, have under reported to state authorities wages earned by non-exempt, hourly employees and, therefore, have underpaid state taxes, employer matching funds, unemployment premiums and Worker's Compensation premiums. The aforesaid conduct is criminal in nature and subjects the Defendants, and each of them, to sanctions, fines and imprisonment, and is actionable under of <u>Business & Professions Code</u> §§ 17000, *et seq.* and 17200, *et seq.*

118.    Pursuant to of <u>Business & Professions Code</u> §§ 17071 and 17075, the failure of Defendants, and each of them, to pay overtime wages, related benefits, and employment taxes, is admissible as evidence of Defendants' intent to violate Chapter 4 of the Unfair Business Trade Act.

119.    Defendants' practices are unlawful, unfair, deceptive, untrue, and misleading.  Non-exempt, hourly employees, including Plaintiff and Plaintiff Classes are likely to be deceived by these practices.

120.    As a direct and proximate result of these acts and omissions, Plaintiff, is informed and believes, and based upon that information and belief alleges, that the Defendants, and each of them, were able to unfairly compete with other comparable facilities in the state of California by not paying overtime and wages in violation of <u>Business & Professions Code</u> Chapters 4 and 5, *et al*.  Due to this unfair business practice, Defendants have been able to charge lower prices for its goods and services than the prices charged by other comparable companies doing business in the state of California.

121.    The victims of this unfair business practice include, but are not limited to, all non-exempt, hourly employees of Defendants, competitors of Defendants in the state of California, and the general public.

122.    Plaintiff is informed and believes, and based upon that information and belief alleges, that

**CLASS ACTION COMPLAINT**

Defendants, and each of them, performed the above-mentioned acts with the intent of gaining an unfair competitive advantage and thereby injuring Plaintiff, other employees, other competitors, and the general public.

123.   By and through the conduct described above, Plaintiff, and all non-exempt, hourly employees, has been deprived of the right to be paid overtime compensation earned by virtue of employment with the Defendants at regular intervals, in accordance with the requirements of Labor Code §§ 200-203, 204, 1197, and 1198 among others.

124.   By and through their unfair, unlawful and/or fraudulent business practices described herein, Defendants, has obtained valuable property, money and services from Plaintiff, and all persons similarly situated, and has deprived Plaintiff, and all non-exempt, hourly employees of valuable rights and benefits guaranteed by law, all to their detriment.

125.   Plaintiff and the Plaintiff Classes have injury-in-fact as a result of Defendants' conduct. Moreover, Plaintiff and the Plaintiff Classes have lost money as a direct result of Defendants' unfair, unlawful, deceptive and fraudulent conduct.

126.   All of the acts described herein as violations of, among other things, the Cal. Labor Code and Industrial Welfare Commission Wage Orders, are unlawful and in violation of public policy; and in addition are immoral, unethical, oppressive, fraudulent and unscrupulous, and thereby constitute unfair, unlawful and/or fraudulent business practices in violation of California Business & Professions Code §§ 17200, *et seq.*

127.   Plaintiff, individually, and on behalf of members of the Plaintiff Classes, is entitled to, and does seek such relief as may be necessary to disgorge the profits which the Defendants have acquired, or of which Plaintiff has been deprived, by means of the above-described unfair, unlawful and/or fraudulent business practices.  Plaintiff, and the members of the Plaintiff Classes, is not obligated to establish individual knowledge of the unfair practices of Defendants in order to recover restitution.

128.   Plaintiff, individually, and on behalf of members of the Plaintiff Classes, is further entitled to and does seek a declaration that the above described business practices are unfair, unlawful and/or fraudulent, and injunctive relief restraining the Defendants, and each of them, from engaging in any of the above-described unfair, unlawful and/or fraudulent business practices in the future.

**CLASS ACTION COMPLAINT**

129.    Plaintiff, individually, and on behalf of members of the Plaintiff Classes, has no plain, speedy, and/or adequate remedy at law to redress the injuries which she has suffered as a consequence of the Defendants' unfair, unlawful and/or fraudulent business practices.  As a result of the unfair, unlawful and/or fraudulent business practices described above, Plaintiff and the Plaintiff Class have suffered and will continue to suffer irreparable harm unless the Defendants' and each of them, are restrained from continuing to engage in said unfair, unlawful and/or fraudulent business practices.

130.    Plaintiff also alleges that if Defendants are not enjoined from the conduct set forth herein above, they will continue to fail to pay overtime wages and provide uninterrupted meal periods and rest breaks to non-exempt, hourly employees.  In addition, Defendants, and each of them, will continue to avoid paying the appropriate taxes, insurance and unemployment holdings.

131.    Plaintiff, individually, and on behalf of members of the Plaintiff Classes, requests that the Court issue a preliminary and permanent injunction prohibiting the Defendants, and each of them, from requiring non-exempt, hourly employees from working more than eight (8) hours a work day and/or forty (40) hours a week in any work week without payment of overtime wages.

132.    Plaintiff, individually, and on behalf of members of the Plaintiff Classes, also requests that the Court order Defendants to disgorge all illegally obtained monies from failing to pay taxes, state disability insurance premiums, and unemployment taxes, obtained by way of their violation of Business & Professions Code §§ 17200, *et seq*.

133.    As Plaintiff seeks to enforce an important right affecting the public interest, to wit, the lawful payment of overtime wages as required by law the disgorgement of ill-gotten gains and the restitution of unlawfully withheld wages, with interest thereon, Plaintiff requests an award of attorneys' fees, pursuant to Code Civil Procedure § 1021.5.

**CLASS ACTION COMPLAINT**

## **PRAYER**

**WHEREFORE**, the PLAINTIFF DEMANDS and JURY TRIAL and prays for judgment as follows:

**ON THE FIRST CAUSE OF ACTION**:

    (a)    For Facilitated Notice under 29 USC § 216(b);

    (b)    For compensation, pursuant to the FLSA, 29 U.S.C. §§ 201, 206, 207, *et seq.*

    (c)    Conditional and Final Certification of a Collective Action;

    (d)    For interest on any compensatory damages; and

    (e)    For attorneys' fees, interest, and costs of suit pursuant to 29 U.S.C. § 216(b).

**ON THE SECOND CAUSE OF ACTION:**

    (a)    For compensatory damages according to proof;

    (b)    For interest on any compensatory damages;

    (c)    For Certification of the Classes defined herein, or such other Classes and/or subclasses as the Court will certify;

    (d)    For statutory penalties and attorneys fees; and

    (e)    Waiting period wages and penalties.

**ON THE THIRD CAUSE OF ACTION:**

    (a)    For statutory compensation, including one hour of pay for each workday that a lawful meal period was not provided;

    (b)    For interest on any compensatory damages;

    (c)    For Certification of the Classes defined herein, or such other Classes and/or subclasses as the Court will certify;

    (d)    For other appropriate relief as provided by law.

**ON THE FOURTH CAUSE OF ACTION:**

    (a)    For statutory penalties, including one hour of pay for each workday in which a lawful rest period were not provided;

    (b)    For interest on any compensatory damages;

    (c)    For Certification of the Classes defined herein, or such other Classes and/or subclasses as the Court will certify; and

-29-

(d)      For other appropriate relief as provided by law

**ON THE FIFTH CAUSE OF ACTION:**

(a)      For statutory penalties;

(b)      For Certification of the Classes defined herein, or such other Classes and/or subclasses as the Court will certify; and

(c)      For attorneys' fees and costs.

**ON THE SIXTH CAUSE OF ACTION:**

(a)      For statutory penalties;

(b)      For compensatory damages and interest thereon for actual harm caused;

(c)      For Certification of the Classes defined herein, or such other Classes and/or subclasses as the Court will certify;

(d)      For attorneys' fees and costs Labor Code §§ 218.5 and 1194; and

(e)      For an injunction pursuant to Labor Code § 1194.5 to cease this conduct.

**ON THE SEVENTH CAUSE OF ACTION:**

(a)      For statutory penalties;

(b)      For penalty enhancements for willful conduct;

(c)      For Certification of the Classes defined herein, or such other Classes and/or subclasses as the Court will certify; and

(d)      For attorneys' fees and costs.

**ON THE EIGHTH CAUSE OF ACTION:**

(a)      For the equitable, injunctive and declaratory relief requested;

(b)      Treble damages;

(c)      For Certification of the Classes defined herein, or such other Classes and/or subclasses as the Court will certify;

(d)      For attorneys' fees and costs and allowed by statute or law; and

(e)      For disgorgement of profits.

**ON ALL CAUSES OF ACTION:**

(a)      For reasonable attorneys' fees;

**CLASS ACTION COMPLAINT**

1       (b)     For costs of suit; and,

2       (c)     For such other and further relief as this Court may deem just and proper.

3

4 Dated:  February 11, 2019            **QUINTILONE & ASSOCIATES**

5

6                            By: _____

7                                 RICHARD E. QUINTILONE II,

8                                 GEORGE A. ALOUPAS,
                                ANDREW H. HAAS

9                                 Attorneys for Plaintiff, JENNIFER WARD
                                individually and on behalf of all other employees

10                                 similarly situated

11

12                       **DEMAND FOR JURY TRIAL**

13       Plaintiff hereby demands trial of their claims by jury to the extent authorized by law.

14

15 Dated:  February 11, 2019            **QUINTILONE & ASSOCIATES**

16

17                            By: _____
                                RICHARD E. QUINTILONE II,

18                                 GEORGE A. ALOUPAS,
                                ANDREW H. HAAS

19                                 Attorneys for Plaintiff, JENNIFER WARD
                                individually and on behalf of all other employees

20                                 similarly situated

21

22

23

24

25

26

27

28

**CLASS ACTION COMPLAINT**

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SUTTER VALLEY HOSPITALS, a California corporation; and DOES 1 through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JENNIFER WARD, an individual, on behalf of herself and all others similarly situated

---

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**FILED**
Superior Court Of California,
Sacramento
02/13/2019
kcadena1
By_____, Deputy
**Case Number:**
**34-2019-00250564**

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Sacramento County Superior Court, Gordon D. Schaber Courthouse<br>720 Ninth Street, Sacramento, CA 95814-1380 | CASE NUMBER:<br>*(Número del Caso):* |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Richard E. Quintilone II (SBN 200995)      Telephone No.: 949-458-9675
Quintilone & Associates, 22974 El Toro Road, Suite 100, Lake Forest, CA 92630      Fax No.: 949-458-9679

| DATE:<br>*(Fecha)* | **FEB 1 3 2019** | Clerk, by<br>*(Secretario)* | **K. CADENA** | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)          ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov<br>*LexisNexis® Automated California Judicial Council Forms* |

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Richard E. Quintilone II (SBN 200995); George A. Aloupas (SBN 313112) **QUINTILONE & ASSOCIATES** 22974 El Toro Road, Suite 100, Lake Forest, CA 92630 TELEPHONE NO.: (949) 458-9675   FAX NO.: (949) 458-9679 ATTORNEY FOR *(Name):* Plaintiff: JENNIFER WARD | **FILED** Superior Court Of California, Sacramento 02/13/2019 kcadena1 By _____, Deputy Case Number: **34-2019-00250564** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Sacramento
STREET ADDRESS: 720 Ninth Street
MAILING ADDRESS:
CITY AND ZIP CODE: Sacramento, CA 95814-1380
BRANCH NAME: Gordon D. Schaber Courthouse

CASE NAME:
Ward v. Sutter Valley Hospitals

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER |
|---|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 1811) | | JUDGE: DEPT.: |

*All five (5) items below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800–1812)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental /Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

**2.** This case [X] is [ ] is not complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. [X] Large number of separately represented parties
  b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
  c. [X] Substantial amount of documentary evidence
  d. [ ] Large number of witnesses
  e. [ ] Coordination with related actions pending in one or more courts in other counties, states or countries, or in a federal court
  f. [ ] Substantial post-judgment judicial supervision

**3.** Type of remedies sought *(check all that apply):*
  a. [X] monetary   b. [X] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
**4.** Number of causes of action *(specify):* 8
**5.** This case [X] is [ ] is not a class action suit.
Date: February 11, 2019

BY FAX

Richard E. Quintilone II, Esq.
(TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate, Family, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2003]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 201.8, 1800–1812;
Standards of Judicial Administration, § 19
www.courtinfo.ca.gov

*LexisNexis® Automated California Judicial Council Forms*



**Superior Court of California, County of Sacramento**
720 Ninth Street Sacramento, CA 95814-1380 (916)
874-5522—Website www.saccourt.ca.gov

## NOTICE AND ORDER OF COMPLEX CASE DETERMINATION

Case Title: _Word vs. Sutter Valley Hospital_ Case Number: _2019-25-0564_

Having reviewed and considered the pleadings on file, the court orders:

☐ **THE CASE IS DEEMED COMPLEX** and assigned to the Honorable _Jonathan Curie_

presiding in Department _18_ for case management pursuant to 3.750, et seq. of the California Rules of Court.

**This action involves one or more of the following:**

☐ Antitrust or trade regulation claims.

☐ Construction defect claims involving many parties or structures.

☐ Securities claims or investment losses involving many parties.

☐ Environmental or toxic tort claims involving many parties.

☐ Claims involving mass torts.

☑ Claims involving class actions.

☐ Insurance coverage claims arising out of any of the claims listed above.

**The action is likely to involve:**

☑ Numerous pretrial motions raising difficult or novel legal issues that will be time-consuming to resolve.

☑ Management of a large number of witnesses or a substantial amount of documentary evidence.

☐ Management of a large number of separately represented parties.

☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court.

☐ Substantial post judgment judicial supervision.

☐ Other:_____

Government Code section 70616 establishes the fees for complex cases. Pursuant to Government Code section 70616, any non-exempt party who has appeared in this action, but who has not paid the required complex case fee, is ordered to pay the fee to the clerk within ten calendar days of the filing of this order. Failure to pay the required fees shall have the same effect as the failure to pay a filing fee, and shall be subject to the same enforcement and penalties. (Cal. Gov. Code § 70616(g).)

☐ **THE CASE IS DECLARED NOT COMPLEX.**

Any complex case fees that the parties have previously paid pursuant to 70616(a) or (b) shall be reimbursed upon submission of a refund request together with a copy of this minute order by the paying party to the Court's Civil General Civil Processing Unit. It may be submitted by mail or placed in one of the Civil Drop Boxes located in Room 102 and the lobby of the Gordon D. Schaber Courthouse at 720 9th Street, Sacramento CA 95814.

The plaintiff is directed to serve all other parties with a copy of this order.

Date: _2-19-19_     Signed:_____

Presiding Judge of the Superior Court
of California, County of Sacramento

CV/I-205 PJ (Rev: 02/2019)     Notice and Order of Complex Case Determination — Presiding Judge

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO**

Gordon D Schaber Courthouse
720  Ninth STREET
Sacramento, CA 95814-1311

**SHORT TITLE:** Ward vs. Sutter Valley Hospitals

| CLERK'S CERTIFICATE OF SERVICE BY MAIL | CASE NUMBER:<br>**34-2019-00250564-CU-OE-GDS** |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of NOTICE AND ORDER OF COMPLEX CASE DETERMINATION was mailed following standard court practices in a sealed envelope with postage fully prepaid, addressed as indicated below. The mailing and this certification occurred at Sacramento, California, on 02/22/2019.

Clerk of the Court, by: _____/s/ P. Banks_____ , Deputy

RICHARD  E QUINTILONE, II
22974  EL TORO ROAD # 100
LAKE FOREST,  CA   92630 US

---

**CLERK'S CERTIFICATE OF SERVICE BY MAIL**

Page: 1

Code of Civil Procedure , § CCP1013(a)

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO**

Gordon D Schaber Courthouse
720  Ninth STREET
Sacramento, CA 95814-1311

**SHORT TITLE:** Ward vs. Sutter Valley Hospitals

| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | CASE NUMBER:<br>**34-2019-00250564-CU-OE-GDS** |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of NOTICE AND ORDER OF COMPLEX CASE DETERMINATION was mailed following standard court practices in a sealed envelope with postage fully prepaid, addressed as indicated below. The mailing and this certification occurred at Sacramento, California, on 02/22/2019.

Clerk of the Court, by: _/s/ P. Banks_____ , Deputy

RICHARD  E QUINTILONE, II
22974  EL TORO ROAD # 100
LAKE FOREST,  CA   92630 US

---

**CLERK'S CERTIFICATE OF SERVICE BY MAIL**

V3 1013a (June 2004)                                                                                      Code of Civil Procedure , § CCP1013(a)

FILED/ENDORSED

FEB 27 2019

SACRAMENTO SUPERIOR COURT
BY_____ B. SIERRA

1
2
3
4
5
6
7

8                    SUPERIOR COURT OF CALIFORNIA

9                       COUNTY OF SACRAMENTO

10
11

12   Jennifer Ward, et.al.,                         No. 2019-00250564

13                              PLAINTIFF           NOTICE OF HEARING IN DEPARTMENT 18
                                                    FOR COMPLEX CASE MANAGEMENT
14   vs

15

16   Sutter Valley Hospitals, a California Corporation,

17   and DOES 1-100, inclusive

18                              DEFENDANTS

19   **THIS NOTICE SHALL BE SERVED BY PLAINTIFF'S COUNSEL ON ALL OTHER**

20   **PARTIES. ANYONE WHO HEREAFTER SERVES A NEW PARTY SHALL SERVE A**

21   **COPY OF THIS NOTICE ON THE NEW PARTY ALONG WITH THE SUMMONS**

22   **AND COMPLAINT OR CROSS-COMPLAINT.**

23

24       1.      This matter has been assigned to Department 18, Judge Stacy Boulware Eurie presiding.

25   It has been determined to be complex by the Presiding Judge, and this department will be the case's

26   complex case department pursuant to the Local Rules, including Local Rules 2.46.

27       2.      All counsel are required to appear in Department 18 on April 26, 2019, at 11:00 a.m. for

28   an initial Case Management Conference.

February 5, 2019 Rev.

3.      Each party shall file and serve a Case Management Conference Statement fifteen (15) days before this hearing and be prepared to participate effectively in the conference, including being thoroughly familiar with the case and able to discuss the suitability of the case for private mediation, arbitration or the use of a special master or referee.

4.      Prior to the conference, counsel for plaintiff shall meet and confer with counsel for each other party in an effort to precisely define the issues in the case, discuss the possibility of early mediation, the identities of possible other parties, their respective plans for discovery, and whether or not the parties will be requesting that a special master be appointed.

5.      Tentative Rulings.

The court may determine that a case management conference on the assigned date is not necessary or should be postponed. The court may also issue tentative rulings on motions that are assigned to it. To determine whether an appearance is required the parties must check the court's tentative rulings after 2 p.m. the court day before the conference date to see if a tentative ruling is posted. Tentative rulings are posted on the court's website at www.saccourt.ca.gov. On many occasions the court will not post a tentative ruling.

6.      Law and Motion Matters.

The Local Rules state that the civil law and motion departments hear most types of law and motion matters, even in complex cases, unless the Presiding Judge has specifically assigned a case to one judge for all purposes. A designation of a case as complex is not an automatic assignment to the complex judge for all purposes.

The complex case management department will accept stipulations to stay, stipulations to appoint a special master, stipulated case management orders (even if they include discovery cut-offs and other limitations), and proposed orders from special masters. All other motions except trial motions should be filed with the law and motion departments or presiding judge as specified in the Local Rules.

////

////

////

////

February 5, 2019 Rev.

7.   Filings.

Filing of motions should be in the appropriate law and motion department unless it pertains to case management. Those motions should be reserved with the clerk prior to filing and filed directly in department 18. Case Management Conference Statements should be filed with the civil filing clerk and a courtesy copy delivered to Department 18. The department will accept orders after hearing directly in the department. If a complex case designation is removed the parties should thereafter comply with the Local Rules regarding the filing of documents for civil actions.

8.   Typical Case Progress.

a.   In most cases the initial status conference or a subsequent conference will result in an initial case management order being issued. The breadth of those orders may vary depending on factors such as the complexity of the case and the status of service on anticipated parties to the action. The court may eventually issue a more detailed case management order that could address topics such as discovery cut-offs, phased discovery, disclosure dates, settlement conference dates and trial dates. Many of these topics are deferred in cases in which special masters are used.

b.   This department will usually be the trial department for complex cases assigned to this department. However cases may be transferred to the presiding judge for assignment to another department for trial if there may be a conflict with another trial or if the needs of the court so require.

c.   If the trial is to be held in this department the court will often hold a pre-trial/case readiness type of conference several weeks before trial. Topics generally addressed at such conferences include review of witness and exhibit lists, motions in limine, proposed jury instructions, witness timing issues and other trial procedure issues. The goal is to get such issues resolved at that time and any later motions in limine or other motions are not favored. In many cases the court may order that discovery must be completed at least four to six weeks before the trial date and around the time when the initial papers are due for the pre-trial conference.

9.   Until the time of the conference, the following INTERIM ORDERS shall be in effect:

A.   Plaintiff(s) shall diligently locate and serve each defendant. It is the Court's intention that each party be served in sufficient time to have entered an appearance within the time allowed by law and to attend the first conference.

    B.   Counsel for each party shall do a conflict check to determine whether such counsel might have a possible conflict of interest as to any present or contemplated future party.

  10.   The court strongly encourages the parties to engage in early and meaningful mediation. Either private or judicial mediation is acceptable.

Date: 2/27/19

*Stacy Boulware*

HONORABLE STACY BOULWARE EURIE
SUPERIOR COURT OF CALIFORNIA,
COUNTY OF SACRAMENTO

February 5, 2019 Rev.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO**

Gordon D Schaber Courthouse
720  Ninth STREET
Sacramento, CA 95814-1311

**SHORT TITLE:** Ward vs. Sutter Valley Hospitals

| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | CASE NUMBER:<br>**34-2019-00250564-CU-OE-GDS** |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of Notice of Hearing in Department 18 for Complex Case Management was mailed following standard court practices in a sealed envelope with postage fully prepaid, addressed as indicated below. The mailing and this certification occurred at Sacramento, California, on 02/28/2019.

*/s/ B. Sierra*

Clerk of the Court, by: _____ , Deputy

RICHARD  E QUINTILONE, II
22974  EL TORO ROAD # 100
LAKE FOREST,  CA   92630 US

**CLERK'S CERTIFICATE OF SERVICE BY MAIL**

Page: 1

POS-015

**FILED**
**Superior Court Of California,**
**Sacramento**

*FOR COURT USE ONLY*

03/05/2019

ckoposesky2

By _____, Deputy

Case Number:

**34-2019-00250564**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Richard E. Quintilone II (SBN 200995)
Quintilone & Associates
22974 El Toro Road, Suite 100
Lake Forest, CA 92630-4961
TELEPHONE NO.: 949.458.9675       FAX NO. *(Optional):* 949.458.9679
E-MAIL ADDRESS *(Optional):* req@quintlaw.com
ATTORNEY FOR *(Name):* Plaintiff, Jennifer Ward

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Sacramento
STREET ADDRESS: 720 9th Street
MAILING ADDRESS:
CITY AND ZIP CODE: Sacramento, CA 95814
BRANCH NAME: Gordon D. Schaber Courthouse

PLAINTIFF/PETITIONER: Jennifer Ward, and others similarly situated

DEFENDANT/RESPONDENT: Sutter Valley Hospitals, et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: 34-2019-00250564 |
|---|---|

TO *(insert name of party being served):* Sutter Valley Hospitals, ~~et al.~~

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: February 21, 2019

Richard E. Quintilone II Esq.
*(TYPE OR PRINT NAME)*

▶ _____
*(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)*

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [X] A copy of the summons and of the complaint.
2. [ ] Other *(specify):*
   1) Civil Case Coversheet; 2) Summons; 3) Class Action Complaint

**BY FAX**

*(To be completed by recipient):*

Date this form is signed: March 5, 2019

Thomas E. Geidt of GBG LLP
*(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY ON WHOSE BEHALF THIS FORM IS SIGNED)*

▶ _____
*(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure
§§ 415.30, 417.10
www.courtinfo.ca.gov

*LexisNexis® Automated California Judicial Council Forms*

**PROOF OF SERVICE**

I, the undersigned, declare as follows:

I am a citizen of the United States, over the age of 18 years, and not a party to the within action.  I am an employee of or agent for Quintilone & Associates, whose business address is 22974 El Toro Rd., Suite 100, Lake Forest, CA 92630-4961.

On **March 5, 2019** I served the foregoing document(s):

**NOTICE AND ACKNOWLEDGEMENT OF RECEIPT**

on the following parties in this action addressed as follows:

**SEE ATTACHED SERVICE LIST**

___X___  *(BY MAIL)* I caused a true copy of each document, placed in a sealed envelope with postage fully paid, to be placed in the United States mail at Lake Forest, California.  I am "readily familiar" with this firm's business practice for collection and processing of mail, that in the ordinary course of business said document(s) would be deposited with the U.S. Postal Service on that same day.  I understand that the service shall be presumed invalid if the postal cancellation date or postage meter date on the envelope is more than one day after the date of deposit for mailing contained on this affidavit.

_____  *(BY PERSONAL SERVICE)* I delivered each such document by hand to Brian Long, Esq.

_____  *(BY OVERNIGHT DELIVERY)* I caused a true copy of each document, placed in a sealed envelope with delivery fees provided for, to be deposited in a box regularly maintained by Federal Express or Overnight Express.  I am readily familiar with this firm's practice for collection and processing of documents for overnight delivery and know that in the ordinary course of Quintilone & Associates' business practice the document(s) described above will be deposited in a box or other facility regularly maintained by Federal Express or Overnight Express or delivered to a courier or driver authorized by Federal Express or Overnight Express to receive documents on the same date it is placed at Quintilone & Associates for collection.

___X___  *(BY E-MAIL)* I caused a true and correct copy of each document to be delivered by the Firm's and/or Court's Electronic Mail system.

_____  *(BY FACSIMILE)* By use of facsimile machine number 949.458.9679, I served a copy of the within document(s) on the above interested parties at the facsimile numbers listed above.  The transmission was reported as complete and without error.  The transmission report was properly issued by the transmitting facsimile machine.

Executed on **March 5, 2019, at Lake Forest, California.**

_____  **(FEDERAL)** I declare under penalty of perjury that the above is true and correct.

___X___  **(STATE)** I declare under penalty of perjury that the above is true and correct.

_____
GEORGE A. ALOUPAS, ESQ.

-1-

**PROOF OF SERVICE**

1

## SERVICE LIST

2

Thomas E. Geidt, Esq.

Attorneys for Defendant- SUTTER

GBG LLP

VALLEY HOSPITALS

3

601 Montgomery St., Ste. 1150

4

San Francisco, CA 94111

Telephone: (415) 603-5003

5

Facsimile: (415) 840-7210

Email: tomgeidt@gbgllp.com

6

7

8

9

10

11

12

13

Q&A Case No. 18.01426

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

PROOF OF SERVICE

RECEIVED
IN DROP BOX

2019 MAR -5  PM 3:39

GORDON D. SCHABER COURTHOUSE
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SACRAMENTO

By Fax

GBG LLP
THOMAS E. GEIDT (SB# 080955)
KACIE L. MANISCO (SB# 294242)
tomgeidt@gbgllp.com
kaciemanisco@gbgllp.com
601 Montgomery Street, Suite 1150
San Francisco, CA  94111
Telephone:  (415) 603-5000
Facsimile:  (415) 840-7210

Attorneys for Defendant
SUTTER VALLEY HOSPITALS

FILED/ENDORSED

APR 0 2 2019

By: _____ K. Fay
            Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SACRAMENTO – GORDON D. SCHABER

COURTHOUSE

| | |
|---|---|
| JENNIFER WARD, individually, on behalf herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SUTTER VALLEY HOSPITALS, a California corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 34-2019-00250564<br><br>**DEFENDANT SUTTER VALLEY HOSPITALS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**<br><br>Complaint Filed:   February 13, 2019 |

1  TO PLAINTIFF JENNIFER WARD AND HER ATTORNEYS OF RECORD:

2       Defendant SUTTER VALLEY HOSPITALS ("SVH") for itself alone and no other

3  defendant, hereby answers the unverified Complaint of Plaintiff Jennifer Ward ("Plaintiff") as

4  follows:

5       1.     Pursuant to section 431.30(d) of the California Code of Civil Procedure, SVH

6  denies, generally and specifically, each and every allegation in Plaintiff's Complaint.

7       2.     SVH further denies, generally and specifically, that Plaintiff is entitled to the

8  relief requested, or that Plaintiff has been or will be damaged in any sum, or at all, by reason of

9  any act or omission on the part of SVH, or any of its past or present agents, representatives, or

10  employees.

11       Without admitting any facts alleged by Plaintiff, SVH also pleads the following separate

12  and affirmative defenses to the Complaint:

13                         **AFFIRMATIVE DEFENSES**

14                FIRST SEPARATE AND AFFIRMATIVE DEFENSE

15       1.     The Complaint fails to state facts sufficient to constitute a cause of action for

16  which relief may be granted against SVH.

17              SECOND SEPARATE AND AFFIRMATIVE DEFENSE

18       2.     The Complaint is barred to the extent that Plaintiff purports to pursue claims

19  outside the applicable statutes of limitation, including but not limited to California Code of Civil

20  Procedure sections 338 and 340, California Labor Code sections 203 and 2699.3, California

21  Business and Professions Code section 17208, and 29 U.S.C. § 225 *et seq.*

22              THIRD SEPARATE AND AFFIRMATIVE DEFENSE

23       3.     Plaintiff and/or the persons she purports to represent have waived the right, if any,

24  to pursue the claims in the Complaint by reason of their own conduct and actions, including but

25  not limited to their execution of meal period waivers and/or their agreement to otherwise waive

26  or skip meal periods and/or rest breaks that were provided to them.

27             FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

28       4.     Any failure by SVH to pay wages and/or premiums, as alleged, was not "willful"

SUTTER VALLEY HOSPITALS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

on SVH's part, and at all relevant times there has existed a good-faith factual and legal dispute as to the matters that are the subject of Plaintiff's Complaint.

FIFTH SEPARATE AND AFFIRMATIVE DEFENSE

5.      Plaintiff's claims are barred, in whole or in part, because Plaintiff and/or the persons she purports to represent consented to the conduct that is the subject of the Complaint.

SIXTH SEPARATE AND AFFIRMATIVE DEFENSE

6.      Plaintiff and/or the persons she purports to represent are estopped from asserting the claims in the Complaint against SVH by reason of their own actions and conduct.

SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

7.      There was no knowing and intentional failure on SVH's part to provide proper itemized wage statements, nor did Plaintiff and/or the persons she purports to represent "suffer injury" as a result of any alleged violation by SVH of Labor Code section 226.

EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE

8.      Some or all of Plaintiff's purported claims, and those of the persons she purports to represent, are barred, in whole or in part, by the doctrines of *res judicata,* collateral estoppel, and/or accord and satisfaction, to the extent they have already been litigated, settled, and/or released.

NINTH SEPARATE AND AFFIRMATIVE DEFENSE

9.      Any award against SVH pursuant to Plaintiff's purported claim under California Business and Professions Code Sections 17200 *et seq.,* in the circumstances of this case, would violate SVH's due process and other constitutional rights guaranteed under the United States and California Constitutions.

TENTH SEPARATE AND AFFIRMATIVE DEFENSE

10.      Individual issues predominate over common issues with respect to the claims that are the subject of Plaintiff's Complaint, and the claims are unmanageable and unsuitable for class or collective treatment.

ELEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

11.      Plaintiff's claims are barred, in whole or in part, on the grounds that any recovery

- 2 -

from SVH would result in the unjust enrichment of Plaintiff and/or the persons she purports to represent.

TWELFTH SEPARATE AND AFFIRMATIVE DEFENSE

12.     Plaintiff is not an adequate representative of the purported class, and thus she lacks standing to represent the interests of others in this matter.

THIRTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

13.     An award of penalties as sought by Plaintiff, in the circumstances of this case, would be so grossly disproportionate in ratio and amount to the actual harm suffered by Plaintiff and/or the persons she purports to represent that it would violate established standards of due process protected under the California and United States Constitutions.

FOURTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

14.     Certain of the allegedly unpaid time and/or unpaid wages at issue in the Complaint fall within the *de minimis* doctrine and thus are not compensable.

FIFTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

15.     This action should be stayed, in whole or in part, and/or the requested class or collective relief should be denied or delayed, because other earlier-filed class actions are pending against SVH that allege substantially the same California law claims as those alleged by Plaintiff herein.

SIXTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

16.     Plaintiff lacks standing to pursue her claim for injunctive relief, because she is no longer employed by SVH, and she has an adequate remedy at law.

SEVENTEETH SEPARATE AND AFFIRMATIVE DEFENSE

17.     Some of Plaintiff's purported claims, and those of the persons she seeks to represent, are subject to crediting, offset, set-off, and/or recoupment by virtue of payments that SVH already has made to them.

EIGHTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

18.     SVH's actions were taken in good faith, and it had reasonable grounds to believe that its alleged acts or omissions were in compliance with the FLSA.

1  WHEREFORE, SVH prays for judgment as follows:

2  1.  That Plaintiff take nothing by reason of her Complaint, the Complaint be

3  dismissed in its entirety with prejudice, and judgment be entered for SVH;

4  2.  That SVH be awarded its reasonable costs and attorneys' fees; and

5  3.  That SVH be awarded such other and further relief as the Court deems just and

6  proper.

7  DATED:  April 2, 2019                              GBG LLP

8

9                                                     BY:_____

10                                                        THOMAS E. GEIDT

11                                                     Attorneys for Defendant
                                                       SUTTER VALLEY HOSPITALS

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 4 -

SUTTER VALLEY HOSPITALS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

## PROOF OF SERVICE

I am employed in the City of San Francisco and County of San Francisco, State of California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 601 Montgomery Street, Suite 1150, San Francisco, CA 94111.

On April 2, 2019, I served a copy of the within document(s):

**DEFENDANT SUTTER VALLEY HOSPITALS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

on the interested parties:

☐   VIA FAX: By transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒   VIA U.S. MAIL: I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice such sealed envelope(s) would be deposited with the U.S. postal service on the above date with postage thereon fully prepaid, at San Francisco, California.

☐   VIA OVERNIGHT SERVICE: By placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a _____ agent for delivery.

☐   VIA PERSONAL SERVICE: By causing to be delivered the document(s) listed above to the person(s) at the address(es) set forth below.

☐   VIA E-MAIL: By transmitting a PDF version of the document(s) by e-mail to the person(s) set forth below using the e-mail address(es) indicated, pursuant to the parties' electronic service agreement.

Richard E. Quintilone II
George A. Aloupas
Andrew H. Haas
Quintilone & Associates
22974 El Toro Road, Suite 100
Lake Forest, CA 92630-4961

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on April 2, 2019, at San Francisco, California.

_____
Janet Gogna

88684134.1