RICHARD E. QUINTILONE II (SBN 200995)
LAUREL N. HOLMES (SBN 308515)
ALEJANDRO QUINONES (SBN 324244)
**QUINTILONE & ASSOCIATES**
22974 EL TORO ROAD SUITE 100
LAKE FOREST, CA 92630-4961
TELEPHONE NO. (949) 458-9675
FACSIMILE NO. (949) 458-9679
E-MAIL: REQ@QUINTLAW.COM; LNH@QUINTLAW.COM; AXQ@QUINTLAW.COM

Attorneys for Plaintiffs, JENNIFER WARD and SACORA BESABE on behalf of themselves and on behalf of a Class of all other employees similarly situated

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

## ROBERT T. MATSUI COURTHOUSE

| | |
|---|---|
| JENNIFER WARD, an individual, SACORA BESABE, an individual, on behalf of themselves and all others similarly situated<br><br>      Plaintiffs,<br><br>  v.<br><br>SUTTER VALLEY HOSPITALS, a California corporation; and DOES 1 through 100, inclusive,<br><br>      Defendants. | **CASE NO.: 2:19-CV-00581-KJM-AC**<br><br>**<u>CLASS ACTION</u>**<br><br>**<u>Assigned for All Purposes to</u>:**<br>**Hon. Kimberly J. Mueller**<br>**Courtroom: 3, 15th Floor**<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR:**<br>1. **FAILURE TO PAY OVERTIME AND MINIMUM WAGES UNDER THE FLSA [29 USC §§ 206, 207]**<br>2. **FAILURE TO PAY OVERTIME AND MINIMUM WAGES INCLUDING OVERTIME;**<br>3. **FAILURE TO PROVIDE MEAL PERIODS;**<br>4. **FAILURE TO PROVIDE REST PERIODS;**<br>5. **FAILURE TO PROVIDE ITEMIZED STATEMENTS;**<br>6. **FAILURE TO PAY WAGES TWICE MONTHLY;**<br>7. **FAILURE TO REIMBURSE BUSINESS EXPENSES;**<br>8. **FAILURE TO PAY TERMINATION PAY; and**<br>9. **UNLAWFUL COMPETITION AND UNLAWFUL BUSINESS PRACTICES.**<br><br>**DEMAND FOR JURY TRIAL** |

**FIRST AMENDED CLASS ACTION COMPLAINT**

Plaintiffs JENNIFER WARD and SACORA BESABE ("Plaintiffs"), by and through their attorneys of record, bring this Class Action Complaint against Defendant Sutter Valley Hospital ("Sutter" or "Defendant"), a California Corporation, and respectfully allege the following:

**1.     INTRODUCTION**

1.     This is a class action for wage and labor violations arising out of Defendant's failure to pay wages for all time worked and failure to provide timely and uninterrupted meal and rest periods, and for derivative claims.

2.     As set forth below, Defendant Sutter failed to pay its nursing, surgical technicians and other related hospital employees straight and overtime wages for (1) time they worked off the clock handling mandatory patient care, (2) time they worked off the clock for hand-offs between shifts to assist with handling mandatory patient care (3) time worked off the clock for on-call and standby time; (4) missed rest periods for on-call and standby time; (5) loading programs before their shift and closing programs after their shift, (6) failed to provide timely and uninterrupted meal and rest periods to its California non-exempt employees in violation of California Labor Code §§ 512 and 226.7, (7) and the applicable Industrial Wage Order; failed to pay its employees one hour of pay at the regular rate of compensation for each instance that Defendant failed to properly calculate mandatory bonus pay and provide statutorily mandated rest periods and timely off-duty meal periods; failed to furnish timely and accurate wage statements; failed to pay all wages due upon termination; and, is in violation of California's Unfair Competition Law ("UCL").   Plaintiff seeks to represent all those employees similarly situated who are or were residents of the State of California.

3.     From at least **February 2015** to the filing of this action and through to the present, Defendant consistently maintained and enforced against Defendant's non-exempt employees, among others, the following unlawful practices and policies, in violation of California state wage and hour laws:

(a)     During the Relevant Time Period, Defendant has had a consistent policy of requiring employees to work more than eight (8) hours in any given day and/or more than forty (40) hours in any given week, and not pay overtime compensation pursuant to applicable federal and California Labor Code requirements;

**FIRST AMENDED CLASS ACTION COMPLAINT**

(b)     During the Relevant Time Period, Defendant has had a consistent policy of failing to pay its employees wages for all hours worked;

(c)     During the Relevant Time Period, Defendant has had a consistent policy of requiring Class Members within the State of California, including Plaintiffs, to work at least five (5) hours without a lawful meal period and failing to pay such employees one (1) hour of pay at the employees' regular rate of compensation for each workday that the meal period is not provided, as required by California laws and regulations;

(d)     During the Relevant Time Period, Defendant has had a consistent policy of failing to provide Class Members within the State of California, including Plaintiffs, rest periods of at least (10) minutes per three and a half (3.5) hours worked and failing to pay such employees one (1) hour of pay at the employees regular rate of compensation for each workday that the rest period is not provided, as required by California state wage and hour laws;

(e)     During the Relevant Time Period, Defendant failed to provide accurate itemized wage statements and maintain accurate payroll records of Plaintiff's earned wages, bonus pay calculation in the regular rate of pay, and work periods as evidenced by Defendant's failure to keep adequate records of all hours worked and meal periods in accordance with the requirements of Labor Code sections 226, 226.3, 1174, and 1174.5.

4.     Plaintiffs, on behalf of themselves and all other Class Members, bring this action pursuant to California Labor Code §§ 201, 202, 203, 218, 218.6, 226, 226.3 226.7, 512, 558, 1174, 1174.5, 1194, 1198, and California Code of Regulations, Title 8, § 11040(11)(A), 11010(12)(A) et seq., seeking unpaid overtime, meal and rest period compensation, penalties, injunctive, and other equitable relief, and reasonable attorneys' fees and costs.

5.     Plaintiffs, on behalf of themselves and all Classes, pursuant to California Business and Professions Code §§ 17200-17208, also seeks injunctive relief and restitution for the unfair, unlawful, or fraudulent practices alleged in this Complaint.

///

**FIRST AMENDED CLASS ACTION COMPLAINT**

**2.     PARTIES**

     **A.     Plaintiffs**

     6.     Plaintiffs and Class Members are all residents of California. At relevant times herein, each of them individually were employed by Defendant as non-exempt employees in the State of California.

     **B.     Defendant**

     7.     SUTTER VALLEY HOSPITALS a California Corporation, and all other DOES 1 through 100 named on this Complaint, own, operate and maintain hospitals in Sacramento County, California. Defendant is engaged in the healthcare business specifically providing hospital services. On information and belief, Defendant is a hospital that provides a full range of community health services. Sutter, which owns 24 hospitals, reported net income of $893 million in 2018 on $12.4 billion in revenue.  Sutter is engaged in business in Sacramento County and the State of California and is a type of business covered by the Professional, Technical, Clerical, Mechanical and Similar Occupations Industrial Welfare Commission Wage Order 4-2001, and as amended, and under some job classifications the Public Housekeeping Industry, Industrial Welfare Commission Wage Order 5-2001, as amended.

     8.     The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendant sued herein as DOES 1 to 100, inclusive, are currently unknown to Plaintiffs, who therefore sue Defendant by such fictitious names under California Code of Civil Procedure § 474.  Plaintiffs are informed and believe, and based thereon allege, that each of the Defendants designated herein as a DOE are legally responsible in some manner for the unlawful acts referred to herein.  Plaintiffs will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

     9.     Plaintiffs are informed and believe, and based thereon allege, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants. Furthermore, Defendants in all respects acted as the employer and/or joint employer of Plaintiffs and the Class Members.

10.     Venue as to each defendant is proper in this judicial district, pursuant to California <u>Code of Civil Procedure</u> § 395. On information and belief, Defendant operates and is doing business as a California corporation in the County of Sacramento, and each Defendant is within the jurisdiction of this Court for service of process purposes. The unlawful acts alleged herein have a direct effect on Plaintiffs and those similarly situated within the State of California.

**3.     FACTUAL BACKGROUND**

11.     Plaintiff **JENNIER WARD** is a resident of San Diego, California. Defendant hired Plaintiff in February 2007 to perform services as a surgical technician. Plaintiff has worked continuously for Defendant since the start of her employment. Plaintiff worked in the surgical unit at Capitol Pavilion Defendant paid wages to Plaintiff during her claim period at a regular rate of pay in excess of $30.00 per hour. During Plaintiff's employment Jeannie Humphreys served as the director of Capital Pavilion and managed all units: the pre/op, post/op and surgical unit among others. Defendant required these employees to work long mandatory overtime hours and to work through lawful meal and rest breaks without receiving statutory compensation, though it could be recorded in Kronos, the timekeeping system used at Sutter.  Other programs in the Epic system, like email and patient care programs, also captured time worked off the clock. The foregoing conduct allowed Defendant to unfairly compete in the California consumer healthcare market.

12.     Plaintiff was employed as a surgical technician, which is an hourly, non-exempt position. While working Plaintiff would often work eight (8) to twelve (12) hours per day and did not receive all of her meal and rest periods due to Defendant's strict demands. SUTTER does not have a policy or practice for compensating Plaintiff and Defendant's non-exempt employees in California for late or short meal periods. Further, during a period of Plaintiff's employment, non-exempt employees only received pay for missed meal periods, not short or late ones.

13.     Plaintiff and the Defendant's non-exempt employees were directed, commanded, suffered or permitted to perform that work or that Defendant's company policy and practice pressured or required employees to perform work while off-the-clock and Defendant knew or should have known that Plaintiffs and class members were performing that work not properly paid for all wages earned and for all wages when working more than eight (8) hours in any given day and/or more than forty (40) hours in any given week.

///

**FIRST AMENDED CLASS ACTION COMPLAINT**

14.     Plaintiff and other class members were not paid for this time, even though: (1) no practical administrative difficulty of recording the additional time exists or existed for Defendant during the relevant time period; (2) it is and was feasible for Defendant to determine or estimate the average time it takes each employee to complete his or her pre-shift and post-shift start-up sequence, as all class members at issue in this action needed the same computer programs/applications in order to perform their work duties. *See also Troester v. Starbucks Corp.*, (2018) 5 Cal.5th 829.

15.     Further, at the end of her shift, Plaintiff was required to clock out. She was then required to close all the programs and shut down the computer. This mandatory process took another 15 to 20 minutes each day and was unpaid.

16.     Upon information and belief, the hospitals and surgery centers were constantly busy and short staffed. Plaintiff was often with patients when her scheduled meal period started. Plaintiff was told by supervisors to take her meal period while working, or one was erroneously entered for her. Plaintiff was told by her supervisors to input her meal period at the end of the day even though she did not receive one.  Rest breaks were often interrupted in the same manner or legally impossible as Plaintiff and the other employees where on-call. When Plaintiff complained to her supervisors about working through her meal and rest breaks, she was told that it was what was needed due to the hospital being short staffed and there was nothing that could be done about it.

17.     Additionally, when Plaintiff took her meal period she was not allowed to take her full uninterrupted 30-minute meal period. Plaintiff's supervisors would frequently come and get her because patients needed to be assisted. Plaintiff was never paid a meal period premium for those late or interrupted meal periods.

18.     Often, when Plaintiff WARD'S scheduled rest periods arrived, she was not allowed to take her breaks, because the hospital and/or surgery center was too busy and there was not enough staff to cover the teller windows. Plaintiff was never paid a premium for those missed or interrupted rest periods.

19.     Plaintiff SACORA BESABE is a resident of Rancho Cordova, California. Defendant hired Plaintiff in February 2007 to perform services as a surgical technician. Plaintiff worked at Sutter Memorial and then it changed the name to OC Adams hospital on or about 2016 Downtown Sacramento, California

**FIRST AMENDED CLASS ACTION COMPLAINT**

(collectively "Sutter Valley Hospitals").  Plaintiff BESABE terminated her employment in 2015 within the statute of limitations of this case.

20.     While employed at Sutter as a surgical technician Plaintiff BESABE was in charge of maintaining rooms and other areas of the hospital as needed. This included assisting surgeons during operations as well. Plaintiff BESABE worked full-time for Sutter Valley Hospitals at approximately fifty (50) to sixty (60) hours a week, not including holidays or special events. Her shifts generally lasted from (10) to twelve (12) hours. Plaintiff BESABE'S hourly rate was approximately $25.00 to $35.00 an hour.

21.     Given the nature of the job Plaintiff and other class members were rarely afforded a set lunch time. Many times was asked to clean rooms or address other on-campus emergencies during their meal breaks.  On the occasions when Plaintiff sand the Class received a meal break after five hours into their shifts, managers at Sutter Valley Hospitals would tell them to record that they had taken a break before five hours in order to avoid the records reflecting a mela break violation. The supervisors knew that Plaintiffs and the Class did not receive my uninterrupted, timely, or full 30-minutes-in-length meal break because they were asked to perform tasks or required to assist surgeons and/or other technicians when on the premises during break.

22.      SUTTER does not have a policy or practice for compensating Plaintiff and their non-exempt employees in California for late or short meal periods. Further, during a period of Plaintiff's employment, non-exempt employees only received pay for missed meal periods, not short or late ones.

23.     Plaintiff BESABE and the Class were also denied off-duty rest breaks of at least 10 minutes. As with meal breaks Plaintiff would regularly go without my two or three required 10-minute rest breaks because Sutter Valley Hospitals had only one manager and not enough surgical technicians on duty. It was Defendants' policy a manager always be there to relieve the previous one.  During any given week, Plaintiff BESABE and the Class were frequently forced to work more than 3.5 hours into a given shift without Defendants permitting them to take an initial rest break because they were so severely understaffed.

24.     Defendants would not tell Plaintiff BESABE and the Class to record or tell supervisors about a missed rest break if that rest break was not authorized or permitted, was interrupted or if

**FIRST AMENDED CLASS ACTION COMPLAINT**

Plaintiff BESABE and the Class worked over four (4) hours without receiving a rest break. Further Defendants Sutter Valley Hospitals did not tell Plaintiff BESABE and the Class or remind them that she was entitled to one (1) hour of pay if they had missed a rest break, if the rest break was interrupted, or if they had worked over four (4) hours without receiving a rest break. The breaks were discouraged by Defendants to keep "costs down."

25. Plaintiff BESABE and the Class were often required to head back to work after punching out to address any immediate issues or emergencies that needed to be dealt with right away. Oftentimes after punching out tasks still needed to be completed. Due to this fact, and because Sutter was often understaffed and overworked, the time punches would often go uncorrected.

26. Plaintiff BESABE and the Class were called on personal cell phones after clocking out for the day to discuss work tasks. These calls were common and would last around fifteen (15) minutes. Plaintiff BESABE and the Class were not told they could be paid for this time and were not told report this time to payroll. Management knew Plaintiff BESABE and the Class of other Surgical Technicians were working off the clock since they were the ones calling Plaintiff BESABE and the Class after hours.

27. Plaintiff BESABE and the Class were required by Sutter Valley Hospitals to purchase their own uniform items, including a mandatory pair of boots, which were not reimbursed as well as incur cellular phone and data expenses as articulated above. Plaintiff BESABE and the Class not reimbursed for the uniform items or any related expenses they incurred in performing job duties as well as also not reimbursed for off-the-clock cell phone usage. The culture at Sutter Valley Hospital was extremely stressful. Plaintiff BESABE managers and other upper level management put rigid and grueling demands on Plaintiff BESABE and the Class, in particular Christine Zwicker who was a manager.

28. Plaintiff and the Defendant's non-exempt employees were directed, commanded, suffered or permitted to perform that work or that Defendant's company policy and practice pressured or required employees to perform work while off-the-clock and Defendant knew or should have known that Plaintiffs and class members were performing that work not properly paid for all wages earned and for all wages when working more than eight (8) hours in any given day and/or more than forty (40) hours in any given week.

**FIRST AMENDED CLASS ACTION COMPLAINT**

29.     Plaintiff was often required to continue to work after clocking out to address any immediate issues or emergencies that needed to be dealt with right away. Often times after clocking out tasks still needed to be completed. Due to this fact, and because Sutter was often understaffed and overworked, the time punches would often go uncorrected. Plaintiff was not told that she could get paid for this time and was not told to report this time to payroll. Defendant knew or should have known Plaintiff and other non-exempt employees were working off the clock since Defendant's management team were the ones calling the non-exempt employees after hours.

30.     Upon information and belief, the above-mentioned unlawful employment practices by Defendant were applied the same to all hospitals and surgery centers in the State of California.

31.     Defendant's conduct, as alleged here, has caused Plaintiffs and class members damages including, but not limited to, loss of wages and compensation. Defendant is liable to Plaintiffs and the class for failing to pay all wages, straight and overtime, meal and rest break premiums, failing to pay all straight-time and overtime wages owed for each pay period, failing to provide timely and accurate wage statements, failing to pay all wages due.

32.     Plaintiffs and the Defendant's non-exempt employees were not provided lawful meal periods, and were not provided with one (1) hour's wages in lieu thereof, in one or more of the following manners:

(a)     Class Members were not provided full thirty-minute duty free meal periods for work days in excess of five (5) hours and were not compensated one (1) hour's wages in lieu thereof, all in violation of, among others, <u>Labor Code</u> §§ 226.7, 512, and the applicable Industrial Welfare Commission Wage Order(s);

(b)     Class Members were not provided a second full thirty-minute duty free meal period for work days in excess of ten (10) hours and were not compensated one (1) hour's wages in lieu thereof, all in violation of, among others, <u>Labor Code</u> §§ 226.7, 512, and the applicable Industrial Welfare Commission Wage Order(s);

(c)     Class Members were required to work through at least part of their daily meal period(s); and

(d)     Class Members were restricted in their ability to take a full thirty-minute meal period.

(e)     Defendant did not comply with its obligation as an employer to permit and authorize

**FIRST AMENDED CLASS ACTION COMPLAINT**

Plaintiffs and its other non-exempt employees to be relieved of all duties during their daily meal period.

33.    Plaintiffs and the Defendant's non-exempt employees were not provided lawful rest periods, and were not provided with one (1) hour's wages in lieu thereof, in one or more of the following manners:

(a)    Class Members were required to work without being provided a minimum ten (10) minute rest period for every three and a half (3.5) hours worked and were not compensated one (1) hour of pay at their regular rate of compensation for each workday that a rest period was not provided; and

(b)    Class Members were restricted in their ability to take their full ten (10) minute net rest time.

34.    As a result of these illegal policies and practices, Defendant engaged in and enforced the following additional unlawful practices and policies against Plaintiffs and the Class Members they seek to represent:

(a)    failing to pay Class Members who either were discharged, laid off, or resigned in accordance with the requirements of <u>Labor Code</u> §§ 201, 202, 203;

(b)    failing to pay Class Members; and

(c)    failing to provide and maintain accurate records of Class Members' earned wages and meal periods in violation of <u>Labor Code</u> §§ 226 and 1174(d) and section 5 of the applicable IWC Wage Orders.

35.    Defendant's non-exempt employees spend the majority of their time doing routine non-discretionary tasks.  These duties occupy more than fifty percent of their work time.

36.    At relevant times herein, the named Plaintiffs and the Class Members were employed by Defendant and were paid on an hourly basis.

37.    Plaintiffs and the Defendant's employees were not paid for all hours worked, whether regular time or overtime, and/or at many times would work overtime hours.  Said overtime and regular hours were worked by Plaintiffs and the Class and not paid and Defendant intentionally failed to pay for those hours even though they were actually worked and recorded on their time keeping system.

///

**FIRST AMENDED CLASS ACTION COMPLAINT**

38.     On information and belief, Plaintiffs allege that Defendant's actions as described throughout this Complaint were willful.

39.     Defendant has made it difficult to account with precision for the unlawfully withheld meal and rest period compensation owed to Defendant's non-exempt employees, including Plaintiffs, during the liability period, because they did not implement and preserve a record-keeping method as required for non-exempt employees by California Labor Code §§ 226, 1174(d), and section 4 of the California Wage Orders. Defendant has failed to comply with Labor Code § 226(a) by accurately reporting total hours worked by Plaintiffs and the Class Members.  They are therefore entitled to penalties not to exceed $4,000 for each employee pursuant to Labor Code § 226(b).

40.     Defendant has failed to comply with section 4 of the California IWC Wage Orders by failing to maintain time records showing when the employee begins and ends each work period, meal periods, wages earned pursuant to Labor Code § 226.7, and total daily hours worked by itemizing in wage statements all deductions from payment of wages and accurately reporting total hours worked by the Class Members.

41.     **The Fair Labor Standards Act:** The FAIR LABOR STANDARDS ACT OF 1938, as amended, 29 U.S.C. §§ 201 et seq., (hereinafter referred to as "FLSA") provides for minimum standards for both wages and overtime entitlement, and details administrative procedures by which covered work time must be compensated. The enactment of the provisions of the FLSA provide the Courts with substantial authority to stamp out abuses and enforce the overtime pay provisions at issue in this Complaint.  According to Congressional findings, the existence of Labor conditions detrimental to the maintenance of the minimum standard of living engenders unfair commercial competition, labor disputes, and barriers to commerce and the free flow of goods in commerce, and interferes with the orderly and fair marketing of goods.

## 4.     CLASS ALLEGATIONS

42.     Plaintiffs brings this action on behalf of themselves and all others similarly situated as a class action pursuant to California Code of Civil Procedure § 382.  Plaintiffs seeks to represent Classes composed of and defined as follows:

///

**FIRST AMENDED CLASS ACTION COMPLAINT**

**All persons who are employed or have been employed by Defendant in the State of California who, for the four years prior to the filing of this class action to the present, have worked as non-exempt Surgical Technicians, or in related positions ("Class Members").**

Further, Plaintiffs seeks to represent the following subclasses composed of and defined as follows:

(a)  **Subclass 1. Unpaid Overtime Subclass.** All Class Members who are employed or have been employed by Defendant in the State of California who, for the four years prior to the filing of this class action to the present, have worked as non-exempt employees and were not paid overtime for hours worked beyond eight (8) hours in a single day or for hours worked beyond 40 in a single week pursuant to applicable the <u>Labor Code</u> and applicable IWC <u>Wage Orders.</u>

(b)  **Subclass 1. Unpaid Wage Subclass.** All Class Members who are employed or have been employed by Defendant in the State of California who, for the four years prior to the filing of this class action to the present, have worked as non-exempt employees and were not paid all hours worked pursuant to applicable <u>Labor Code</u> §§ 510, 511, 1174, 1174.5, 1194 and 1198.

(c)  **Subclass 2.1  Meal Break Subclass 1.** All Class Members who are employed or have been employed by Defendant in the State of California who, for the four years prior to the filing of this class action to the present, have worked as non-exempt employees and have not been provided a meal period for every five (5) hours or major fraction thereof worked per day, and were not provided one (1) hour's pay for each day on which such meal period was not provided pursuant to <u>Labor Code</u> § 226.7 and § 512.

(d)  **Subclass 2.2  Meal Break Subclass 2.** All Class Members who are employed or have been employed by Defendant in the State of California who, for the four years prior to the filing of this class action to the present, have worked as non-exempt employees and who worked over ten (10) hours in a shift and did not receive a second meal period;

(e)  **Subclass 2.3  Meal Break Subclass 3.** All Class Members who are employed or have been employed by Defendant in the State of California who, for the four years prior to the filing of this class action to the present, have worked as non-exempt employees and who were required to sign meal waivers as a condition of employment when hired by Defendant.

(f)  **Subclass 2.4  Meal Break Subclass 4.** All Class Members who are employed or have been employed by Defendant in the State of California who, for the four years prior to the filing of this class action to the present, have worked as non-exempt employees and, who signed meal waivers for the second meal and worked over 12 hours in a shift.

(g)  **Subclass 3.  Rest Period Subclass.** All Class Members who are employed or have been employed by Defendant in the State of California who, for the four years prior to the filing of this class action to the present, have worked as non-exempt employees and have not been provided a rest period for every three and

-12-

**FIRST AMENDED CLASS ACTION COMPLAINT**

a half (3.5) hours worked per day, and were not provided compensation of one (1) hour's pay for each day on which such rest period was not provided pursuant to Labor Code § 226.7 and § 512.

(h) **Subclass 4. Paystub Subclass.**  All Class Members who are employed or have been employed by Defendant in the State of California who, for the four years prior to the filing of this class action to the present, have worked as non-exempt employees and were not provided an itemized statement accurately showing total hours worked, the applicable hourly rates in effect during each pay period and the corresponding hours worked at each rate pursuant to Labor Code § 226 and 1174.

(i) **Subclass 5. Wages Twice Monthly Subclass.**  All Class Members who are employed or have been employed by Defendant in the State of California who, for the four years prior to the filing of this class action to the present, have worked as non-exempt employees and were not provided all wages twice monthly pursuant to Labor Code § 204.

(j) **Subclass 6. Expense Reimbursement Class.**  All Class Members who were not reimbursed for phone, uniform and other expenses incurred in the discharge of their duties in connection with their employment with Defendant.

(k) **Subclass 7. Failure to Pay Termination Pay Subclass.**  All Class Members who are employed or have been employed by Defendant in the State of California who, for the four years prior to the filing of this class action to the present, have worked as non-exempt employees and were not provided all wages and applicable penalties due to them pursuant to the Labor Code and applicable IWC Wage Orders.

(l) **Subclass 8. B&PC § 17200 Subclass.**  All Class Members who are employed or have been employed by Defendant in the State of California who, have worked as non-exempt employees and who were subjected to Defendant's unlawful, unfair or fraudulent business acts or practices in the form of Labor Code violations regarding overtime, meal periods, rest periods, expense reimbursement or minimum wages and/or waiting time penalties.

43.     Plaintiffs reserves the right under Rule 1855(b) of the California Rules of Court, to amend or modify the class descriptions with greater specificity or to provide further division into subclasses or limitation to particular issues.

44.     This action has been brought and may properly be maintained as a class action under the provisions of the California Code of Civil Procedure § 382 because there is a well-defined community of interest in the litigation and the proposed Classes are easily ascertainable.

**A.     <u>Numerosity</u>**

45.     The potential members of each Class as defined are so numerous that joinder of all the members of the Class is impracticable. While the precise number of Class Members has not been determined at this time, Plaintiffs is informed     and believes that Defendant currently employ,

-13-
_____
**FIRST AMENDED CLASS ACTION COMPLAINT**

and during the relevant time periods employed, at least several hundred employees in positions as Defendant's non-exempt employees in California, who are or have been affected by Defendant's unlawful practices as alleged herein.

46.     Accounting for employee turnover during the relevant periods necessarily increases this number substantially. Upon information and belief, Plaintiffs alleges Defendant's employment records would provide information as to the number and location of all Class Members.  Joinder of all members of the proposed Classes is not practicable.

**B.     <u>Commonality</u>**

47.     There are questions of law and fact common to each Class predominating over any questions affecting only individual Class Members. These common questions of law and fact include, without limitation:

(a)     Whether Defendant violated the <u>Labor Code</u>, the applicable IWC Wage Orders, and Cal. <u>Code of Regulations</u>, Title 8, section 11040 *et seq.* by failing to pay overtime after eight (8) hours of work in one day or forty (40) hours of work in one work week by forcing Plaintiff and class members to meet strict production goals;

(b)     Whether Defendant violated <u>Labor Code</u> §§ 226.7 and 512, section 4 of the IWC Wage Orders, and Cal. Code of Regulations, Title 8, section 11040 *et seq.* by failing to provide a meal period to non-exempt employees on days they worked work periods in excess of five (5) hours and/or ten (10) hours worked and failing to compensate said employees one (1) hour of wages in lieu of meal periods;

(c)     Whether Defendant violated <u>Labor Code</u> § 226.7 and the IWC Wage Orders, and Cal. <u>Code of Regulations</u>, Title 8, section 11040 *et seq.* by failing to provide daily ten (10) minute rest periods to non-exempt employees for every three and a half (3.5) hours and/or seven (7) hours worked and failing to compensate said employees one (1) hour of wages in lieu of rest periods;

(d)     Whether Defendant violated <u>Labor Code</u> § 226, 226.3 and § 1174, 1174.5 and the IWC Wage Orders by failing to provide the correct name of the employer, proper calculation of wages and maintain accurate records of Class Members' earned wages

**FIRST AMENDED CLASS ACTION COMPLAINT**

and work periods;

(e)    Whether Defendant violated <u>Labor Code</u> § 1194 by failing to compensate all employees during the relevant time period for all hours worked, whether regular or overtime;

(f)    Whether Defendant violated <u>Business and Professions Code</u> § 17200 *et seq*. by failing to provide meal and rest periods without compensating non-exempt employees all wages, one (1) hour's pay for every day such periods were not provided, failing to pay compensation for denied meal and rest periods due and owing at the time a Class Member's employment with Defendant terminated, and failing to keep accurate records;

(g)    Whether Defendant properly paid the Class Members the correct overtime rate;

(h)    Whether Defendant violated § 17200 *et seq.* of the <u>Business and Professions Code</u>, <u>Labor Code</u> §§ 201-203, 226, 226.7, 510, 512, 1174, 1174.5 1194, 1198, and applicable IWC Wage Orders, which violation constitutes a violation of fundamental public policy; and

(i)    Whether Plaintiff and the Class Members are entitled to equitable relief pursuant to <u>Business and Professions Code</u> § 17200 *et seq.*

There are common answers to these questions which further demonstrate that class treatment in appropriate in this case.

**C.**    **<u>Typicality</u>**

48.    The claims of the named Plaintiffs are typical of the claims of the Class Members. Plaintiffs and all members of each Class sustained injuries and damages arising out of and caused by Defendant's common course of conduct in violation of California laws, regulations, and statutes as alleged herein.

**D.**    **<u>Adequacy of Representation</u>**

49.    Plaintiffs will fairly and adequately represent and protect the interests of the members of each Class. The attorneys who represent Plaintiffs are competent and experienced in litigating large employment class actions.

**FIRST AMENDED CLASS ACTION COMPLAINT**

### E.        Superiority of Class Action

50.    A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to each Class predominate over any questions affecting only individual members of the Class.   Each member of the Class has been damaged and is entitled to recovery by reason of Defendant's unlawful policies and practices alleged in the Complaint.

51.    Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiffs are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## 5.    DELAYED DISCOVERY

52.    Defendant, as a prospective and actual employer of non-exempt, nursing employees, had a special fiduciary duty to disclose to prospective Plaintiffs Classes the true facts surrounding Defendant's pay practices, policies and working conditions imposed upon non-exempt, hourly employees as well as the effect of any alleged arbitration agreements that may have been forced upon them. In addition, Defendant knew they possessed special knowledge about pay practices and policies, most notably intentionally refusing to pay overtime and straight time hours actually worked and recorded on Defendant's punch records and the consequence of any alleged arbitration agreements on the employees and class as a whole.

53.    Plaintiffs and Plaintiffs Classes did not discover the fact that they were entitled to all pay under the Labor Code until shortly before the filing of this lawsuit nor was there ever any discussion about Plaintiffs and the Class' wavier of their Constitutional rights of trial by jury, right to collectively organize and oppose unlawful pay practices under California and federal law as well as obtain injunctive relief preventing such practices from continuing. Finally, multiple tolling agreements have been executed by the parties to uniformly toll the Statute of Limitations. As a result, the applicable statutes of limitation were tolled until such time as Plaintiffs discovered their claims.

///

///

///

-16-

**FIRST AMENDED CLASS ACTION COMPLAINT**

# FIRST CAUSE OF ACTION

## FOR FAILURE TO PAY WAGES UNDER THE FLSA

### [FLSA 29 USC §§ 203, 206, 207]

### (Against All Defendants)

54.     Plaintiffs and the members of the Class (and subclasses) and the FLSA collective re-allege and incorporate by reference all of the allegations in the preceding paragraphs of this complaint as though fully set forth herein.

55.     At all relevant times hereto, Defendant has been an "enterprise engaged in commerce or in the production of goods for commerce," as defined under 29 U.S.C. § 203(s)(l).

56.     Plaintiffs are informed and believe, and thereone alleges, that Defendant has required the Plaintiffs and FLSA collective employees as part of their employment to work off the clock and for less than minimum wage under 29 U.S.C. § 206(a)(1). That Section provides the following:

Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:
(1) except as otherwise provided in this section, not less than—
(A) $5.85 an hour, beginning on the 60th day after May 25, 2007;
(B) $6.55 an hour, beginning 12 months after that 60th day; and
(C) $7.25 an hour, beginning 24 months after that 60th day;…

57.     Plaintiffs are informed and believe, and thereon alleges, that Defendant required Plaintiffs and requires the FLSA collective employees to work without overtime in excess of the forty (40) hours per week maximum under 29 U.S.C. § 207(a)(I). That Section provides the following:

Except as otherwise provided in this section, no employer shall employ any of his employees ... for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate which is not less than one and one-half times the regular rate at which he is employed.

58.     In the performance of their duties for Defendant, Plaintiffs and members of the FLSA collective employees often did work off the clock and over forty (40) hours per week and did not receive minimum wages and overtime compensation for the work, labor and services they provided to Defendant, as required by the FLSA, 29 U.S.C. §§ 206 and 207.

**FIRST AMENDED CLASS ACTION COMPLAINT**

59.     The precise number of unpaid wages and unpaid overtime hours will be proven at trial.

60.     The FLSA also imposes a record-keeping requirement on employers, including the obligation to keep accurate records of all hours worked by employees. Defendant has knowingly and willfully failed and continue to willfully fail to record, report, and/or preserve accurate records of all hours worked by Plaintiffs and FLSA collective employees. By failing to record, report, and/or preserve records of all hours worked by Plaintiffs and the FLSA collective employees, Defendant has violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201, *et seq*.

61.     Plaintiffs propose to undertake appropriate proceedings to have such FLSA Class Members aggrieved by Defendant's unlawful conduct notified of the pendency of this action and to provide them with the opportunity to join this action as plaintiffs, pursuant to 29 U.S.C. § 216(b), by filing written consents to joinder with the Court.

62.     Defendant's violations of the FLSA were willful within the meaning of the statue and interpretive case law and decisions.

63.     As a result, Plaintiffs seeks judgment against Defendant on his own behalf and on behalf of those FLSA collective employees similarly situated who file written consents to joinder in this action, for all unpaid wages, including minimum and overtime wages owed by Defendant, pursuant to 29 U.S.C. §§ 206 and 207, together with an award of an additional equal amount as liquidated damages, and costs, interest, and reasonable attorneys' fees, as provided for under 29 U.S.C. § 216(b) and which may be brought in "any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of herself or themselves and other employees similarly situated."

**SECOND CAUSE OF ACTION**

**FOR FAILURE TO PAY WAGES INCLUDING OVERTIME**

**[CALIFORNIA LABOR CODE §§ 510, 1194 and 1198]**

**(Against All Defendants)**

64.     Plaintiffs and the Plaintiffs Classes re-allege and incorporate by reference, the paragraphs previously alleged in this Complaint.

65.     This claim is brought by Plaintiffs, on behalf of herself and on behalf of the Plaintiffs Classes and the subclasses thereof.

**FIRST AMENDED CLASS ACTION COMPLAINT**

66.    In California, employees must be paid at least the then applicable state minimum wage for all hours worked.  (IWC Wage Order MW-2014).

67.    Labor Code §§ 1194 and 1198 provide that employees in California shall not be employed more than eight (8) hours in any work day, and/or more than forty hours in any workweek or work a seventh (7th) day in a work week unless they receive additional compensation beyond their regular wages in amounts specified by law.

68.    Labor Code § 1194 provides that an employee who has not been paid overtime compensation as required by Labor Code § 1198 may recover the unpaid balance of the full amount of such overtime compensation, together with costs of suit, as well as liquidated damages in an amount equal to the overtime compensation unlawfully withheld, and interest thereon, in a civil action. The action may be maintained directly against the employer in his name without first filing a claim with the Department of Labor Standards and Enforcement.

69.    At all times relevant hereto, IWC Wage Order No. 4-2001 applied, and applies, to Plaintiffs' employment with Defendant.

70.    At all times relevant hereto, IWC Wage Order No. 4-2001 (3)(A) provides for payment of overtime wages equal to one and one-half times an employee's regular rate of pay for all hours worked over eight (8) hours a day and/or forty (40) hours in a work week.

71.    At all times relevant hereto, IWC Wage Order No. 4-2001 (3)(A) provides for payment of overtime wage equal to one and one-half (1 ½) times an employee's regular rate of pay for all hours worked over eight (8) hours up to and including twelve (12) hours in any workday, and for the first eight (8) hours on the seventh (7th) consecutive day of work in a work week.

72.    At all times relevant hereto, IWC Wage Order No. 4-2001 (3)(A) provides for payment of overtime wage equal to double the employee's regular rate of pay for all hours worked over twelve (12) hours in any workday, and for all hours worked over eight (8) hours on the seventh (7th) consecutive day of work in a work week.

73.    Defendant, has intentionally and improperly failed to pay wages for all hours worked including failing to pay for all shift differential pay, failed to add shift differential pay in the regular rate for purposes of calculating overtime wages, that resulted in an underpayment of wages to Plaintiffs and the Class

**FIRST AMENDED CLASS ACTION COMPLAINT**

Members while benefiting Defendant and to avoid payment of overtime wages and other benefits in violation of California Code of Regulations and the guidelines set forth by the Division of Labor Standards and Enforcement.

74.    At all times relevant hereto, from time to time, Plaintiffs and Class Members have worked more than eight (8) hours in a workday, and/or more than forty (40) hours in a workweek, as employees of Defendant.

75.    At all times relevant hereto, from time to time, Plaintiffs and Class Members have worked more than twelve (12) hours in a workday, and/or more than eight (8) hours on the seventh (7th) consecutive workday in a workweek, as employees of Defendant.

76.    At all times relevant hereto, the Defendant failed to pay to Plaintiffs and Class Members overtime compensation for the hours they have worked in excess of the maximum hours permissible by law as required by Labor Code §§ 1194, 1197 and 1198 and the provisions of IWC Order No. 4-2001, as amended Cal. Code of Regulations Title 8 § 11040.

77.    By virtue of the Defendant's unlawful failure to pay additional compensation to Plaintiffs and Class Members for overtime hours, Plaintiffs and the Plaintiffs Classes have suffered, and will continue to suffer, damages in amounts which are presently unknown to Plaintiffs, but which exceed the jurisdictional limits of this Court and which will be ascertained according to proof at trial.

78.    Plaintiffs are informed and believe, and based upon that information and belief allege, that Defendant knew or should have known that non-exempt, hourly employees did not qualify as exempt employees and purposely elected not to pay Plaintiffs and all other non-exempt, hourly employees for their overtime labor.

79.    Defendant acted intentionally, oppressively and maliciously toward Plaintiffs and similarly situated non-exempt, hourly employees with a conscious disregard of the Plaintiffs and Plaintiffs Classes' rights, or the consequences suffered by Plaintiffs and Plaintiffs Classes, with the intent of depriving the Plaintiffs and Plaintiffs Classes of property and legal rights and otherwise causing Plaintiffs and Plaintiffs Classes injury.

80.    Plaintiffs individually, and on behalf of members of the Plaintiffs Classes, request recovery of overtime compensation according to proof, interest, attorneys' fees and costs pursuant to Labor Code §§ 218.5

1  and 1194(a), as well as the assessment of any statutory penalties against these Defendant and any additional

2  sums as provided by the <u>Labor Code</u> and/or other statutes.

3      81.     Further, Plaintiffs and the Plaintiffs Classes are entitled to seek and recover reasonable

4  attorneys' fees and costs pursuant to <u>Labor Code</u> §§ 210 and 1194.

**THIRD CAUSE OF ACTION**

**<u>FOR FAILURE TO PROVIDE MEAL PERIODS</u>**

**[CALIFORNIA <u>LABOR CODE</u> §§ 226.7 and 512, and <u>CODE OF REGULATIONS</u>, Title 8, § 11010]**

**(Against All Defendants)**

9      82.     Plaintiffs and the Plaintiffs Classes (and subclasses) re-allege and incorporate by reference, as

10  though fully set forth herein, the paragraphs previously alleged in this Complaint.

11      83.     This claim is brought by Plaintiffs, on behalf of themselves and on behalf of the Plaintiffs

12  Classes and the subclasses thereof.

13      84.     <u>Labor Code</u> §§ 226.7 and 512 and Cal. <u>Code of Regulations</u>, Title 8, § 11040(11)(A), provides

14  that no employer shall employ any person for a work period of more than five (5) hours without a meal period

15  of not less than thirty (30) minutes.

16      85.     <u>Labor Code</u> § 226.7 and Cal. <u>Code of Regulations</u>, Title 8, § 11040(11)(B) provides that if an

17  employer fails to provide an employee a meal period in accordance with this section, the employer shall pay

18  the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the

19  meal period is not provided.

20      86.     Defendant failed to provide Plaintiffs and Plaintiffs Class with meal periods, as employees

21  were always scheduled to work alone, and thus, had no opportunity to take an uninterrupted meal period as

22  required by the <u>Labor Code</u>.

23      87.     Defendant has intentionally and improperly denied meal periods to the Plaintiffs Classes in

24  violation of <u>Labor Code</u> §§ 226.7 and 512 and Cal. <u>Code of Regulations</u>, Title 8, § 11040(11)(A) and other

25  regulations and statutes.

26      88.     At all times relevant hereto, Plaintiffs and the Plaintiffs Classes have worked more than five

27  (5) hours in a workday.

28  ///

**FIRST AMENDED CLASS ACTION COMPLAINT**

89.     At all times relevant hereto, the Defendants, and each of them, failed to provide meal periods as required by Labor Code §§ 226.7 and 512 and Cal. Code of Regulations, Title 8, § 11040(11)(A).

90.     By virtue of the Defendants' unlawful failure to provide meal periods to Plaintiffs and the Plaintiffs Classes, Plaintiffs and the Plaintiffs Classes have suffered, and will continue to suffer, damages in amounts which are presently unknown to Plaintiffs, but which exceed the jurisdictional limits of this Court and which will be ascertained according to proof at trial.

91.     The Plaintiffs Classes are informed and believe, and based upon that information and belief allege, that Defendants, and each of them, purposely elected not to provide meal periods.

92.     Defendants, and each of them, acted intentionally, oppressively and maliciously toward Plaintiffs and the Plaintiffs Classes with a conscious disregard of their rights, or the consequences to Plaintiffs and the Plaintiffs Classes, with the intent of depriving them of property and legal rights and otherwise causing Plaintiffs and the Plaintiffs Classes injury. Plaintiffs, individually, and on behalf of the Plaintiffs Classes, requests recovery of meal period compensation pursuant to Labor Code §§ 226.7 and Cal. Code of Regulations, Title 8, §11040(11)(B), as well as the assessment of any statutory penalties against these Defendants, and each of them, in a sum as provided by the Labor Code and other statutes.

## FOURTH CAUSE OF ACTION

## FOR FAILURE TO PROVIDE REST PERIODS

### [CALIFORNIA LABOR CODE §§ 226.7 and 512, and CODE OF REGULATIONS, Title 8, §11010]

### (Against All Defendants)

93.     Plaintiffs and the Plaintiffs Classes (and subclasses) re-allege and incorporate by reference the paragraphs previously alleged in this Complaint.

94.     Labor Code §§ 226.7 and Cal. Code of Regulations, Title 8, § 11040(12)(A), provides that employers authorize and permit all employees to take rest periods at the rate of ten (10) minutes net rest time per three and a half (3.5) work hours.

95.     Labor Code §§ 226.7 and Cal. Code of Regulations, Title 8, § 11040(12)(B), provides that if an employer fails to provide an employee rest periods in accordance with this section, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

**FIRST AMENDED CLASS ACTION COMPLAINT**

96.     Defendants, and each of them, have intentionally and improperly denied rest periods to Plaintiffs and the Plaintiffs Classes in violation of <u>Labor Code</u> §§ 226.7 and 512 and Cal. <u>Code of Regulations</u>, Title 8, § 11040(12)(A).

97.     At all times Plaintiffs and the Plaintiffs Classes, have worked more than four hours in a workday.

98.     At all times the Defendants, and each of them, failed to provide rest periods as required by <u>Labor Code</u> §§ 226.7 and Cal. <u>Code of Regulations</u>, Title 8, § 11040(12)(A).

99.     By virtue of the Defendants' unlawful failure to provide rest periods to the Plaintiffs and Plaintiffs Classes, Plaintiffs and Plaintiffs Classes have suffered, and will continue to suffer, damages in amounts which are presently unknown to the Plaintiffs and Plaintiffs Classes, but which exceed the jurisdictional limits of this Court and which will be ascertained according to proof at trial.

100.    Plaintiffs and the Plaintiffs Classes are informed and believe, and based upon that information and belief allege, that Defendants, and each of them, knew or should have known that Plaintiffs was entitled to rest periods and purposely elected not to provide rest periods.

101.    Defendants, and each of them, acted intentionally toward Plaintiffs and the Plaintiffs Classes with a conscious disregard of their rights with the intent of depriving Plaintiffs and the Plaintiffs Classes of property and legal rights and otherwise causing the Plaintiffs Classes injury.

102.    Plaintiffs, individually, and on behalf of employees similarly situated, requests recovery of rest period compensation pursuant to <u>Labor Code</u> §§ 226.7 and Cal. <u>Code of Regulations</u>, Title 8, § 11040(12)(B), as well as the assessment of any statutory penalties against these Defendants, and each of them, in a sum as provided by the <u>Labor Code</u> and/or other statutes.

**FIFTH CAUSE OF ACTION**

**<u>FOR FAILURE TO FURNISH ITEMIZED STATEMENTS</u>**

**[CALIFORNIA LABOR CODE §§ 226, 1174]**

**(Against All Defendants)**

103.    Plaintiffs and the Plaintiffs Classes (and subclasses) re-allege and incorporate by reference, as though fully set forth herein, the paragraphs previously alleged in this Complaint.

///

**FIRST AMENDED CLASS ACTION COMPLAINT**

104.    This claim is brought by Plaintiffs, on behalf of themselves and on behalf of the Plaintiffs Classes and the subclasses thereof.

105.    Throughout the liability period, Defendants intentionally failed to furnish to Plaintiffs and the Class Members, upon each payment of wages, itemized statements accurately showing: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate paid on a piece-rate basis, (4) all deductions, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or him social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee pursuant to Labor Code § 226, amongst other statutory requirements.

106.    As a result of Defendants' conduct, Plaintiffs and the Plaintiffs Classes have suffered injury in that, among other things, the lack of the required information hindered him from determining the amount of wages owed to them and led them him to believe they were not entitled to be paid wages for overtime, missed meal and rest breaks, or for each hour of labor they performed, although she was so entitled.  The absence of accurate wage statements has prevented timely challenges to Defendants' unlawful pay practices, caused difficulty and expense in attempting to reconstruct time and pay records, and resulted in the submission by Defendants of inaccurate information about wages and deductions from wages to state and federal government agencies. Plaintiffs and the Plaintiffs Classes entitlement to state benefits is based upon the total amount of wages earned and deductions from wages as reflected on his wage statements, and she is thereby injured by the Defendants' failure to report the total amount of wages earned during each pay period on each paycheck stub. As a result of Defendants' conduct, Plaintiffs and the Plaintiffs Classes have suffered injury because his legal right to receive accurate wage statements was violated.

107.    Plaintiffs and the Class Members suffered injury as a result of Defendants' knowing and intentional failure to provide them with the wage and hour statements as required by law and are presumed to have suffered injury and entitled to penalties under Labor Code § 226(e), as the Defendants have failed to provide a wage statement, failed to provide accurate and complete information as required by any one or more of items Labor Code § 226 (a)(1) to (9), inclusive, and the Plaintiffs and

Class Members cannot promptly and easily determine from the wage statement alone one or more of the following: (i) The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a), (ii) Which deductions the employer made from gross wages to determine the net wages paid to the employee during the pay period, (iii) The name and address of the employer and, (iv) The name of the employee and only the last four digits of his or him social security number or an employee identification number other than a social security number.  For purposes of <u>Labor Code</u> § 226(e) "promptly and easily determine" means a reasonable person [i.e. an objective standard] would be able to readily ascertain the information without reference to other documents or information.

108.    Plaintiffs and the Plaintiffs Classes are entitled to the amounts provided in <u>Labor Code</u> § 226(e), plus costs and attorneys' fees.  The failure to provide accurate itemized wage statements entitles Plaintiff to statutory and civil penalties provided in <u>Labor Code</u> §§ 226.3, and 558.

**SIXTH CAUSE OF ACTION**

**<u>FOR FAILURE TO PAY WAGES DUE AND PAYABLE TWICE MONTHLY</u>**

**[CALIFORNIA LABOR CODE § 204]**

**(Against All Defendants)**

109.    Plaintiffs and the Plaintiffs Classes re-allege and incorporate by reference, as though fully set forth herein, the paragraphs previously alleged in this Complaint.

110.    <u>Labor Code</u> § 204 requires that all wages are due and payable twice in each calendar month.

111.    The wages required by <u>Labor Code</u> §§ 226.7 and 1194 became due and payable to each employee in each month that he or she was not provided with a meal period or rest period or paid straight or overtime wages to which he or she was entitled.

112.    Defendants violated <u>Labor Code</u> § 204 by systematically refusing to pay wages due under the <u>Labor Code</u>.

///
///
///

**FIRST AMENDED CLASS ACTION COMPLAINT**

113.     As a result of the unlawful acts of Defendants, Plaintiffs and the Plaintiffs Classes they seek to represent have been deprived of wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, pursuant to Labor Code §§ 218.5 and 1194 and an injunction pursuant to Labor Code § 1194.5 to cease this conduct.

**SEVENTH CAUSE OF ACTION**

**FAILURE TO REIMBURSE BUSINESS EXPENSES**

**[CALIFORNIA LABOR CODE §§ 2800-2802]**

**(AGAINST ALL DEFENDANTS)**

114.     Plaintiffs and members of the Class (and subclasses) re-allege and incorporate by reference the paragraphs above, with the same force and effect as if set forth herein in full.

115.     Plaintiffs and the Class are informed and believe and based thereon allege that throughout the period applicable, Defendants were required to pay for lawful and necessary work related expenses incurred by their employees. Plaintiffs and the Class Members were also often required to incur such expenses, including for use of their personal cellular phones and data, in performing their daily job duties and such expenses were necessary for performing those duties. Plaintiffs and the Class Members were not reimbursed for those lawful and necessary work related expenses or losses incurred in direct discharge of their job duties during employment with Defendants and at the direction of the Defendants pursuant to Labor Code § 2802(a) and the applicable IWC Wage Orders and sections of the California Code of Regulations.

116.     Defendants' knowing and willful failure to reimburse lawful necessary work related expenses and losses to Plaintiffs and the Class Members resulted in damages because, among other things, Defendants failed to inform employees of their right to be reimbursed for such expenses. As Defendants failed to inform and misled Plaintiffs and the Class Members with regard to their rights, Plaintiffs and the Class Members were led to believe that incurring those lawful necessary expenses was an expected and essential function of their employment with Defendants and that failure to incur those expenses would have adverse consequences on their employment status.

117.     Therefore, Plaintiffs and the Class Members are entitled to reimbursement for any and all necessary work related expenses, as provided for in Labor Code § 2802(b), incurred during the direct

**FIRST AMENDED CLASS ACTION COMPLAINT**

discharge of their duties while employed by Defendants as well as accrued interest on those expenses that were not reimbursed from the date Plaintiffs and the Class Members incurred those expenses. Further, Plaintiffs and the Class Members are entitled to costs and attorney's fees pursuant to Labor Code § 2802(c).

## EIGHTH CAUSE OF ACTION

## FOR FAILURE TO PAY WAGES UPON ENDING EMPLOYMENT

### [CALIFORNIA LABOR CODE §§ 201-203]

### (Against Defendants and DOES 1 through 100)

118.   Plaintiffs and the Members of the Class (and Plaintiffs Classes) re-allege and incorporate by reference, as though fully set forth herein, the paragraphs previously alleged in this Complaint.

119.   Plaintiffs and many of the Class Members quit or were discharged from their employment with Defendants within the applicable statute of limitations.

120.   However, Defendants failed to pay them without abatement, all wages as defined by applicable California law. Among other things, these employees were not paid any of the overtime compensation or premium pay referred to in this Complaint. Defendants' failure to pay said wages within the required time was willful within the meaning of Labor Code § 203.

121.   Therefore, each of these employees is entitled to one day's wages for each day he or she was not timely paid all said wages due, up to a maximum of thirty (30) days' wages for each employee.  Since none of the employees were ever paid the overtime wages to which they were entitled, as referred to in this Complaint, each of the employees is entitled to thirty (30) days of wages.

122.   As a result of the unlawful acts of Defendants, Plaintiffs and the Class Plaintiffs seek to represent have been deprived of wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, pursuant to the California Labor Code.

///

///

///

///

**FIRST AMENDED CLASS ACTION COMPLAINT**

### NINTH CAUSE OF ACTION

### FOR UNLAWFUL COMPETITION AND UNLAWFUL BUSINESS PRACTICES

### [CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17200, *et seq.*]

### (Against All Defendants)

123.     Plaintiffs and the Plaintiffs Classes (and subclasses) re-allege and incorporate by reference, as though fully set forth herein, the paragraphs previously alleged in this Complaint.

124.     This claim is brought by Plaintiffs, on behalf of themselves and on behalf of the Plaintiffs Classes and the subclasses thereof.

125.     At all times relevant hereto, from time to time, the Plaintiffs Classes have worked more than eight (8) hours in a workday, and/or more than forty (40) hours in a workweek, as employees of Defendants. The representative Plaintiffs herein and members of the Plaintiffs Classes have had their hours adjusted, changed and/or modified to not reflect their actual number of hours worked per day and per pay period.

126.     At all times relevant hereto, from time to time, Plaintiffs and Class Members have worked more than twelve (12) hours in a workday, and/or more than eight (8) hours on the seventh (7th) consecutive workday in a workweek, as employees of Defendants. The representative Plaintiffs herein and members of the Plaintiffs Classes have had their hours adjusted, changed and/or modified to not reflect their actual number of hours worked per day and per pay period.

127.     At all times relevant hereto, from time to time, Plaintiffs and the Plaintiffs Classes have been denied meal breaks by Defendants.

128.     At all times relevant hereto, from time to time, Plaintiffs and the Plaintiffs Classes have been denied rest breaks by Defendants.

129.     Defendants are "persons" as defined under of Business & Professions Code § 17021.

130.     Since at least **February 2015** and at all times relevant hereto, by and through the conduct described herein, the Defendants have engaged in unfair, unlawful and fraudulent business practices, in violation of California Business & Professions Code §§ 17200, *et seq.*, and have thereby deprived Plaintiffs, and all persons in interest, of fundamental rights and privileges guaranteed to all employees under California law.

///

**FIRST AMENDED CLASS ACTION COMPLAINT**

131.     Defendants, as set forth herein engaged in false, unfair and misleading business practices, consisting of acts and omissions that include, but are not limited to:

(a)     The fact that Defendants required non-exempt, hourly employees to work more than three and a half (3.5) hour shifts without a ten (10) minute rest period;

(b)     The fact that Defendants required non-exempt, hourly employees to work more than five (5) hour shifts without a thirty (30) minute meal period;

(c)     The fact that Defendants adjusted, altered and/or changed time and/or pay schedules to reflect that they had not worked all straight time hours;

(d)     The that Defendants required non-exempt, hourly employees to work more than forty (40) hours per week and then adjusted, altered and/or changed the end date, or day, of the pay period to reflect that they had not worked overtime hours;

(e)     The fact that Defendants  required non-exempt, hourly employees to work more than five (5) hours per week without a thirty (30) minutes rest period, and then adjusted, altered and/or changed schedules and/or time clocks to reflect that they had received a thirty (30) minute meal period;

(f)     The fact that Defendants kept no detailed records of non-exempt, hourly employees' actual daily work activities, in part, to prevent Plaintiff and Plaintiff Classes from recovering overtime wages from Defendants after the discovery of Defendants' deceptive, fraudulent, false, unfair and unlawful conduct;

(g)     The fact that Defendants failed to pay all earned wages to Plaintiff and Plaintiff Class twice monthly for all hours worked;

(h)     The fact that employees who complained about these practices were terminated from their employment and not paid all wages and penalties dude;

(i)     The fact that Defendants failed to pay all earned wages to Plaintiff and Plaintiff Class as they failed to calculate overtime rate correctly which lead to underpayment of wages including overtime wages;

(j)     The fact that Defendants' activities related to their failure to disclose material and relevant information constitutes violations of Business & Professions Code § 17200;

and,

    (k)    The fact that non-exempt, hourly employees employed by Defendants are entitled to overtime wages, as required by <u>Labor Code</u> §§ 1194 and 1198.  The failure to pay overtime wages is "unlawful" pursuant to Cal. of <u>Business & Professions Code</u> §§17200, *et seq.*

    (l)    The fact that Defendant's conduct constitutes unlawful business acts and practices by violating California law including, but not limited to, <u>Labor Code</u> §§ 201, 202, 203, 218, 218.6, 226, 226.3 226.7, 512, 1174, 1174.5, 1194, 1198,  and 2699 ("PAGA") as well as the applicable Wage Order.

132.    Defendants, and each of them, have under reported to state authorities wages earned by non-exempt, hourly employees and, therefore, have underpaid state taxes, employer matching funds, unemployment premiums and Worker's Compensation premiums. The aforesaid conduct is criminal in nature and subjects the Defendants, and each of them, to sanctions, fines and imprisonment, and is actionable under of <u>Business & Professions Code</u> §§ 17000, *et seq.* and 17200, *et seq.*

133.    Pursuant to of <u>Business & Professions Code</u> §§ 17071 and 17075, the failure of Defendants, and each of them, to pay overtime wages, related benefits, and employment taxes, is admissible as evidence of Defendants' intent to violate Chapter 4 of the Unfair Business Trade Act.

134.    Defendants' practices are unlawful, unfair, deceptive, untrue, and misleading.  Non-exempt, hourly employees, including Plaintiffs and Plaintiffs Classes are likely to be deceived by these practices.

135.    As a direct and proximate result of these acts and omissions, Plaintiffs, are informed and believes, and based upon that information and belief alleges, that the Defendants, and each of them, were able to unfairly compete with other comparable facilities in the state of California by not paying overtime and wages in violation of <u>Business & Professions Code</u> Chapters 4 and 5, *et al*.  Due to this unfair business practice, Defendants have been able to charge lower prices for its goods and services than the prices charged by other comparable companies doing business in the state of California.

136.    The victims of this unfair business practice include, but are not limited to, all non-exempt, hourly employees of Defendants, competitors of Defendants in the state of California, and the general public.

137.    Plaintiffs are informed and believe, and based upon that information and belief alleges, that

**FIRST AMENDED CLASS ACTION COMPLAINT**

Defendants, and each of them, performed the above-mentioned acts with the intent of gaining an unfair competitive advantage and thereby injuring Plaintiffs, other employees, other competitors, and the general public.

138.    By and through the conduct described above, Plaintiffs, and all non-exempt, hourly employees, has been deprived of the right to be paid overtime compensation earned by virtue of employment with the Defendants at regular intervals, in accordance with the requirements of Labor Code §§ 200-203, 204, 1197, and 1198 among others.

139.    By and through their unfair, unlawful and/or fraudulent business practices described herein, Defendants, has obtained valuable property, money and services from Plaintiffs, and all persons similarly situated, and has deprived Plaintiffs, and all non-exempt, hourly employees of valuable rights and benefits guaranteed by law, all to their detriment.

140.    Plaintiffs and the Plaintiffs Classes have injury-in-fact as a result of Defendants' conduct. Moreover, Plaintiffs and the Plaintiffs Classes have lost money as a direct result of Defendants' unfair, unlawful, deceptive and fraudulent conduct.

141.    All of the acts described herein as violations of, among other things, the Cal. Labor Code and Industrial Welfare Commission Wage Orders, are unlawful and in violation of public policy; and in addition are immoral, unethical, oppressive, fraudulent and unscrupulous, and thereby constitute unfair, unlawful and/or fraudulent business practices in violation of California Business & Professions Code §§ 17200, *et seq*.

142.    Plaintiffs, individually, and on behalf of members of the Plaintiffs Classes, is entitled to, and does seek such relief as may be necessary to disgorge the profits which the Defendants have acquired, or of which Plaintiffs have been deprived, by means of the above-described unfair, unlawful and/or fraudulent business practices.  Plaintiffs, and the members of the Plaintiffs Classes, is not obligated to establish individual knowledge of the unfair practices of Defendants in order to recover restitution.

143.    Plaintiffs, individually, and on behalf of members of the Plaintiffs Classes, is further entitled to and does seek a declaration that the above described business practices are unfair, unlawful and/or fraudulent, and injunctive relief restraining the Defendants, and each of them, from engaging in any of the above-described unfair, unlawful and/or fraudulent business practices in the future.

144.    Plaintiffs, individually, and on behalf of members of the Plaintiffs Classes, has no plain,

speedy, and/or adequate remedy at law to redress the injuries which she has suffered as a consequence of the Defendants' unfair, unlawful and/or fraudulent business practices.  As a result of the unfair, unlawful and/or fraudulent business practices described above, Plaintiffs and the Plaintiffs Class have suffered and will continue to suffer irreparable harm unless the Defendants' and each of them, are restrained from continuing to engage in said unfair, unlawful and/or fraudulent business practices.

145.     Plaintiffs also allege that if Defendants are not enjoined from the conduct set forth herein above, they will continue to fail to pay overtime wages and provide uninterrupted meal periods and rest breaks to non-exempt, hourly employees.  In addition, Defendants, and each of them, will continue to avoid paying the appropriate taxes, insurance and unemployment holdings.

146.     Plaintiffs, individually, and on behalf of members of the Plaintiffs Classes, requests that the Court issue a preliminary and permanent injunction prohibiting the Defendants, and each of them, from requiring non-exempt, hourly employees from working more than eight (8) hours a work day and/or forty (40) hours a week in any work week without payment of overtime wages.

147.     Plaintiffs, individually, and on behalf of members of the Plaintiffs Classes, also requests that the Court order Defendants to disgorge all illegally obtained monies from failing to pay taxes, state disability insurance premiums, and unemployment taxes, obtained by way of their violation of Business & Professions Code §§ 17200, *et seq*.

148.     As Plaintiffs seek to enforce an important right affecting the public interest, to wit, the lawful payment of overtime wages as required by law the disgorgement of ill-gotten gains and the restitution of unlawfully withheld wages, with interest thereon, Plaintiffs requests an award of attorneys' fees, pursuant to Code Civil Procedure § 1021.5.

**FIRST AMENDED CLASS ACTION COMPLAINT**

## **PRAYER**

WHEREFORE, the PLAINTIFFS DEMAND a JURY TRIAL and pray for judgment as follows:

### **ON THE FIRST CAUSE OF ACTION**:

(a)    For Facilitated Notice under 29 USC § 216(b);

(b)    For compensation, pursuant to the FLSA, 29 U.S.C. §§ 201, 206, 207, *et seq.*

(c)    Conditional and Final Certification of a Collective Action;

(d)    For interest on any compensatory damages; and

(e)    For attorneys' fees, interest, and costs of suit pursuant to 29 U.S.C. § 216(b).

### **ON THE SECOND CAUSE OF ACTION:**

(a)    For compensatory damages according to proof;

(b)    For interest on any compensatory damages;

(c)    For Certification of the Classes defined herein, or such other Classes and/or subclasses as the Court will certify;

(d)    For statutory penalties and attorneys fees; and

(e)    Waiting period wages and penalties.

### **ON THE THIRD CAUSE OF ACTION:**

(a)    For statutory compensation, including one hour of pay for each workday that a lawful meal period was not provided;

(b)    For interest on any compensatory damages;

(c)    For Certification of the Classes defined herein, or such other Classes and/or subclasses as the Court will certify;

(d)    For other appropriate relief as provided by law.

### **ON THE FOURTH CAUSE OF ACTION:**

(a)    For statutory penalties, including one hour of pay for each workday in which a lawful rest period were not provided;

(b)    For interest on any compensatory damages;

(c)    For Certification of the Classes defined herein, or such other Classes and/or subclasses as the Court will certify; and

**FIRST AMENDED CLASS ACTION COMPLAINT**

1       (d)     For other appropriate relief as provided by law

2   **ON THE FIFTH CAUSE OF ACTION:**

3       (a)     For statutory penalties;

4       (b)     For Certification of the Classes defined herein, or such other Classes and/or subclasses

5            as the Court will certify; and

6       (c)     For attorneys' fees and costs.

7   **ON THE SIXTH CAUSE OF ACTION:**

8       (a)     For statutory penalties;

9       (b)     For compensatory damages and interest thereon for actual harm caused;

10      (c)     For Certification of the Classes defined herein, or such other Classes and/or subclasses

11           as the Court will certify;

12      (d)     For attorneys' fees and costs Labor Code §§ 218.5 and 1194; and

13      (e)     For an injunction pursuant to Labor Code § 1194.5 to cease this conduct.

14  **ON THE SEVENTH CAUSE OF ACTION:**

15      (a)     For actual expenses incurred as allowed by Labor Code § 2802

16      (b)     For special damages;

17      (c)     For certification of the Classes defined herein, or such other Classes and/or

18     subclasses as the Court will certify; and

19      (d)     For attorneys' fees and costs.

20  **ON THE EIGHTH CAUSE OF ACTION:**

21      (a)     For statutory penalties;

22      (b)     For penalty enhancements for willful conduct;

23      (c)     For Certification of the Classes defined herein, or such other Classes and/or subclasses

24           as the Court will certify; and

25      (d)     For attorneys' fees and costs.

26  **ON THE NINTH CAUSE OF ACTION:**

27      (a)     For the equitable, injunctive and declaratory relief requested;

28      (b)     Treble damages;

**FIRST AMENDED CLASS ACTION COMPLAINT**

(c)    For Certification of the Classes defined herein, or such other Classes and/or subclasses as the Court will certify;

(d)    For attorneys' fees and costs and allowed by statute or law; and

For disgorgement of profits.

**ON ALL CAUSES OF ACTION:**

(a)    For reasonable attorneys' fees;

(b)    For costs of suit; and,

(c)    For such other and further relief as this Court may deem just and proper.

Dated:  June 1, 2020

**QUINTILONE & ASSOCIATES**

By: _____
RICHARD E. QUINTILONE II,
LAUREL N. HOLMES,
ALEJANDRO QUINONES
Attorneys for Plaintiff, JENNIFER WARD
individually and Plaintiff SACORA BESABE
individually and on behalf of all other employees
similarly situated

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand trial of their claims by jury to the extent authorized by law.

Dated:  June 1, 2020

**QUINTILONE & ASSOCIATES**

By: _____
RICHARD E. QUINTILONE II,
LAUREL N. HOLMES,
ALEJANDRO QUINONES
Attorneys for Plaintiff, JENNIFER WARD
individually, and Plaintiff SACORA BESABE
individually and on behalf of all other employees
similarly situated

-35-

**FIRST AMENDED CLASS ACTION COMPLAINT**

## PROOF OF SERVICE

I, the undersigned, declare as follows:

I am a citizen of the United States, over the age of 18 years, and not a party to the within action.  I am an employee of or agent for Quintilone & Associates, whose business address is 22974 El Toro Rd., Suite 100, Lake Forest, CA 92630-4961.

On **the date below** I served the foregoing document(s):

### FIRST AMENDED COMPLAINT

on the following parties in this action addressed as follows:

### SEE ATTACHED SERVICE LIST

_____   ***(BY MAIL)*** I caused a true copy of each document, placed in a sealed envelope with postage fully paid, to be placed in the United States mail at Lake Forest, California.  I am "readily familiar" with this firm's business practice for collection and processing of mail, that in the ordinary course of business said document(s) would be deposited with the U.S. Postal Service on that same day.  I understand that the service shall be presumed invalid if the postal cancellation date or postage meter date on the envelope is more than one day after the date of deposit for mailing contained on this affidavit.

_____   ***(BY PERSONAL SERVICE)*** I delivered each such document by hand to Brian Long, Esq.

_____   ***(BY OVERNIGHT DELIVERY)*** I caused a true copy of each document, placed in a sealed envelope with delivery fees provided for, to be deposited in a box regularly maintained by Federal Express or Overnight Express.  I am readily familiar with this firm's practice for collection and processing of documents for overnight delivery and know that in the ordinary course of Quintilone & Associates' business practice the document(s) described above will be deposited in a box or other facility regularly maintained by Federal Express or Overnight Express or delivered to a courier or driver authorized by Federal Express or Overnight Express to receive documents on the same date it is placed at Quintilone & Associates for collection.

__X___   ***(BY E-MAIL)*** I caused a true and correct copy of each document to be delivered by the Firm's and/or Court's Electronic Mail system.

_____   ***(BY FACSIMILE)*** By use of facsimile machine number 949.458.9679, I served a copy of the within document(s) on the above interested parties at the facsimile numbers listed above.  The transmission was reported as complete and without error.  The transmission report was properly issued by the transmitting facsimile machine.

Executed on **June 2, 2020,** at **Lake Forest, California.**

___x_____   (**FEDERAL**) I declare under penalty of perjury that the above is true and correct.

_____   (**STATE**) I declare under penalty of perjury that the above is true and correct.

_____
          RICHARD E. QUINTILONE II, ESQ.

-1-

## SERVICE LIST

Thomas E. Geidt, Esq.                        Attorneys for Defendant- SUTTER
GBG LLP                                       VALLEY HOSPITALS
601 Montgomery St., Ste. 1150
San Francisco, CA 94111
Telephone: (415) 603-5003
Facsimile: (415) 840-7210
Email: tomgeidt@gbgllp.com

**Q&A Case No. 18.01426**

-2-

PROOF OF SERVICE