UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jennifer Ward and Sacora Besabe, | No. 2:19-cv-00581-KJM-AC |
| Plaintiffs, | ORDER |
| v. | |
| Sutter Valley Hospitals, | |
| Defendant. | |

Plaintiffs Jennifer Ward and Sacora Besabe move to continue the deadline to file a motion for class certification. Because they have not shown the necessary "good cause" to grant that request, **the motion is denied.**

Plaintiff Ward originally filed this case in Sacramento County Superior Court in early 2019. Ward alleged that Sutter Valley Hospitals, her former employer, had not paid her overtime and minimum wages, had not offered meal and rest breaks, had not provided itemized wage statements, and was liable for other violations of California and federal labor laws. *See generally* Compl., Not. Removal Ex. A, ECF No. 1. She sought to represent other Sutter employees in the same situation. *See id.* ¶¶ 31–40. Sutter removed the case to this court a few months later, ECF No. 1, and the court issued a Rule 16 scheduling order in September 2019, ECF No. 15. The court set a six-month deadline for discovery on class- or collective-action treatment, and any

/////

1

1   motion for class- or collective-action certification was due one month after that deadline. *See id.*
2   at 2.

3   The day after the discovery deadline passed, Ward filed an ex parte application to extend
4   the discovery and motion deadlines by several months. *See* Mem., ECF No. 18-1.  She had
5   scheduled depositions after the discovery deadline, so without an extension, the timeline for filing
6   a motion for class certification would be "extremely tight." *Id.* at 4.  Sutter initially opposed her
7   request, *see* Resp., ECF No. 22, but then the coronavirus pandemic set in, and Sutter, like other
8   hospital systems, was forced to respond to the mounting public health crisis, *see* Stip., ECF
9   No. 23.  It could no longer devote the necessary attention to this litigation, so it stipulated to a
10  request to continue discovery and motion deadlines by about six months. *See id.*  The court
11  approved the stipulation.  Order (Mar. 29, 2020), ECF No. 24.

12  As the pandemic wore on, even the delayed deadlines did not hold.  Ward had also
13  discovered information that led her to believe she could assert an additional claim for
14  unreimbursed business expenses. *See* Stip., ECF No. 26.  The parties stipulated to a further three-
15  month extension, which the court approved.  Order (May 29, 2020), ECF No. 27.  The court also
16  stayed discovery and motion practice for about two weeks. *See id.*  Ward amended her complaint,
17  adding the proposed claim and joining Besabe as a plaintiff. *See* First Am. Compl., ECF No. 28.

18  After the continued discovery deadline passed, Ward and Besabe again filed a late
19  extension request. *See* Stip., ECF No. 32.  Sutter stipulated to the request, *see generally id.*,
20  which the court granted, Order (Dec. 29, 2020), ECF No. 33.  This order set the last day to move
21  for class- or collective-action certification as April 21, 2021. *See id.*

22  On April 13, Ward and Besabe filed their current motion, requesting a fourth extension of
23  time, *see* Mot. Continue, ECF No. 34, and they asked the court to hear their motion on an
24  expedited schedule, Ex Parte App., ECF No. 35.  According to counsel, the plaintiffs had again
25  scheduled a deposition after the discovery deadline. *See* Green Decl. ¶ 13, ECF No. 34-1.  They
26  asked for 60 more days to file their motion. *See* Mem. at 2.  Sutter opposed the motion, agreeing
27  to file its opposition on a shortened timeline. *See* Resp., ECF No. 37.  The court set an expedited
28  briefing schedule and took the matter under submission without a hearing.  ECF No. 38; *see also*

1  Opp'n, ECF No. 39; Reply, ECF No. 41.  The court also extended the motion deadline until
2  April 30; that deadline would otherwise have passed while the request to continue was still
3  pending.  *See id.*

4      "District courts have broad discretion to control the class certification process."  *Vinole v.*
5  *Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009).  The Federal Rules of Civil
6  Procedure also give "district courts discretion to set deadlines for when parties must move for
7  class certification."  *Davidson v. O'Reilly Auto Enters., LLC*, 986 F.3d 955, 962 (9th Cir. 2020)
8  (citing Fed. R. Civ. P. 23(c)(1)(A)).  That discretion includes the decision to enforce deadlines
9  strictly to preserve "the court's ability to control its docket."  *Johnson v. Mammoth Recreations,*
10 *Inc.*, 975 F.2d 604, 610 (9th Cir. 1992).  Deadlines and schedules work only if they are taken
11 seriously.  *Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005).  Extensions are
12 appropriate only for "good cause," which is "primarily" a question of the moving party's
13 diligence.  *Johnson*, 975 F.2d at 609.  But "a district court may abuse its discretion if it
14 unreasonably applies rules in a way that deprives a party of an opportunity to present class
15 allegations or a motion for class certification or denies a party a reasonable opportunity to obtain
16 a ruling on the merits of a motion for class certification."  *Davidson*, 986 F.3d at 963 (citing *ABS*
17 *Entm't, Inc. v. CBS Corp.*, 908 F.3d 405, 426–27 (9th Cir. 2018), and *Pitts v. Terrible Herbst,*
18 *Inc.*, 653 F.3d 1081, 1092–93 (9th Cir. 2011)).

19     Here, Ward and Besabe have not shown good cause.  In total, the deadlines in question
20 have already been extended more than a year, and this is the fourth request for an extension of
21 time filed either immediately before or after the deadline.  In each instance, the plaintiffs have
22 relied on similar or even identical claims of scheduling difficulties.  *Compare, e.g.*, Mem. at 5,
23 ECF No. 18-1 ("The parties had scheduling conflicts that prevented Plaintiff's deposition before
24 the discovery cut off . . . .") *with, e.g.*, Mem. at 5 ("The parties had scheduling conflicts that
25 prevented the Rule 30(b)(6) depositions from moving forward with the Rule 30(b)(6) depositions
26 before the class certification deadline . . . .").  Some of counsel's explanations also strain
27 credibility, if they are not simply false.  *See, e.g.*, Opp'n at 3 ("Contrary to Plaintiff's motion, this
28 one-week postponement did not occur in order to accommodate Defendant's witnesses; rather, it

1    was done solely to accommodate Plaintiff's counsel, Mr. Quintilone, at considerable

2    inconvenience to Defendant's witnesses."); Geidt Decl. ¶¶ 14–15, ECF No. 40; *cf.* Green Decl.

3    ¶¶ 4, 14–16, ECF No. 41-1 (no rebuttal to Mr. Geidt's characterization of events related to recent

4    resetting of depositions). Plaintiffs' counsel's actions do not satisfy the diligence requirement.

5        The court acknowledges that Mr. Quintilone, one of the four attorneys representing Ward

6    and Besabe, was unavailable for personal reasons earlier this year. *See* Green Decl. ¶ 12. But

7    counsel has not explained why one of the other three attorneys who has appeared for his clients,

8    including Mr. Green, who is handling the current briefing, did not step in. Nor have the plaintiffs

9    shown their current difficulties are the result of the lingering coronavirus pandemic.

10       **The motion to continue is denied.** The last day to file a motion for class certification or

11   for treatment as a collective action **remains April 30, 2021**. To accommodate the nine-day

12   extension that deadline represents, the opposition deadline is also **extended one week to June 30,**

13   **2021**. The reply deadline and hearing date are unchanged.

14       This order resolves ECF No. 34.

15       IT IS SO ORDERED.

16   DATED: April 26, 2021.

                                             CHIEF UNITED STATES DISTRICT JUDGE