THOMAS E. GEIDT (SB# 080955)
TERESA W. GHALI (SB# 252961)
tomgeidt@gbgllp.com
teresaghali@gbgllp.com
GBG LLP
601 Montgomery Street, Suite 1150
San Francisco, CA  94111
Telephone:  (415) 603-5000
Facsimile:  (415) 840-7210

Attorneys for Defendant
SUTTER VALLEY HOSPITALS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER WARD, an individual, SACORA BESABE, an individual, on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SUTTER VALLEY HOSPITALS, a California corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 2:19-CV-00581-KJM-AC<br><br>**REPLY BRIEF IN SUPPORT OF DEFENDANT SUTTER VALLEY HOSPITALS' MOTION TO STRIKE SUPPLEMENTAL REPLY DECLARATION OF BENNETT S. BERGER**<br><br>Date:          September 3, 2021<br>Time:         10:00 a.m.<br>Courtroom:  3<br>Judge:       Hon. Kimberly J. Mueller<br><br>Complaint Filed:  February 13, 2019<br>Removed:        April 3, 2019<br>Trial Date:      Not Set |

# Table of Contents

Page

I.    INTRODUCTION ............................................................................................ 1

II.   LEGAL ARGUMENT. ................................................................................... 1

     A.    The "Supplemental" Berger Reply Declaration, Which Was Berger's First Attempt at Analyzing *Any* Data, Is Improper and Untimely.................................. 1

     B.    Sanctions Are Appropriate Here, and Plaintiffs' Misrepresentations of the Record Further Support Awarding Sanctions. ........................................................ 4

     C.    Plaintiffs Fail to Explain Their Pattern of Untimely Submissions......................... 5

III.  CONCLUSION ............................................................................................ 5

1

## Table of Authorities

2

Page(s)

3

**Cases**

4

*Fosmire v. Progressive Max Ins. Co.*,
  277 F.R.D. 625 (W.D. Wash. 2011) ...................................................................... 3

5

*Hambleton Bros. Lumber Co. v. Balkin Enterprises, Inc.*,
  397 F.3d 1217 (9th Cir. 2005)................................................................................ 3

6

7

*In re High-Tech Emp. Antitrust Litig.*,
  985 F. Supp. 2d 1167 (N.D. Cal. 2013) ................................................................ 2

8

*In re Taco Bell Wage & Hour Actions*,
  No. 1:07-cv-01314-OWW-DLB, 2011 WL 4479730 (E.D. Cal. Sept. 26, 2011) ...................... 4

9

*Jackson v. Bright*,
  No. C 12-06020 YGR (PR), 2014 WL 1101858 (N.D. Cal. Mar. 18, 2014)............................ 5

10

11

*Munoz v. Giumarra Vineyards Corp.*,
  No. 1:09-cv-00703-AWI-JLT, 2012 WL 2617553 (E.D. Cal. July 5, 2012)............................ 2

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  **I.      INTRODUCTION**

2          The unspoken, mistaken premise of Plaintiffs' Opposition to Defendant Sutter Valley

3  Hospitals' ("SVH") Motion to Strike the Supplemental Reply Declaration of their proposed

4  expert, Bennett Berger, is that Berger's July 22, 2021 Reply Declaration was in fact

5  "supplemental."  Not so.  There was nothing for the Reply Declaration to "supplement."  Berger's

6  Reply Declaration was his very first attempt at analyzing any data in this case.  That attempt came

7  too late.  There is no basis for allowing a party to submit an entirely new, *initial* expert report on

8  reply – nearly *three months* after moving for class certification, and *after* the expert's deposition.

9  Yet that is exactly what Plaintiffs urge the Court to permit.

10         Allowing Plaintiffs to proceed in this fashion would lead to absurd results.  Under

11  Plaintiffs' reasoning, any flaws pointed out in an expert's declaration at the expert's deposition

12  (such as the fact that Plaintiffs' purported data analysis expert failed to conduct any data analysis

13  whatsoever) could simply be remedied by submitting a new expert report on reply.  This Court

14  has already admonished Plaintiffs that deadlines exist for a reason and must be taken seriously.

15  The deadline for submitting Berger's data analysis was April 30, when Plaintiffs moved for class

16  certification.  Submitting brand new evidence on reply is improper, and Berger's July 22 Reply

17  Declaration should be stricken.

18  **II.     LEGAL ARGUMENT.**

19         **A.      The "Supplemental" Berger Reply Declaration, Which Was Berger's First
                     Attempt at Analyzing *Any* Data, Is Improper and Untimely.**

20

21         Plaintiffs make three arguments in their Opposition:  (1) Berger's Supplemental

22  Declaration is timely because courts can rely on supplemental expert reports, and the declaration

23  did not provide anything "drastically new"; (2) Defendant had an opportunity to respond, because

24  Plaintiffs reached out to Defendant two days before Defendant's certification opposition was due;

25  and (3) Berger's Supplemental Declaration is not untimely, because Plaintiffs already submitted

26  their trial plan, and this declaration just "shows, not tells" the damages model outlined in the trial

27  plan.  None of these arguments holds water.

28         **First**, Plaintiffs contend that, "[w]ith regard to the content of Mr. Berger's supplemental

declaration, the declaration did not provide any new methods for calculating damages, any new documents that he intended to examine, or any new causes of action." Opp. at 3 (going on to say, "The supplemental declaration does not provide any drastically new methods for calculating damages …").[1] This is technically true, but only because Berger did not provide any method for calculating damages to begin with, and in fact, he still has not done so. In other words, nothing is "drastically new" in the Reply Declaration because Berger's April 30 declaration was devoid of content and had no analysis whatsoever.

While a court may allow a supplemental declaration for the limited purpose of responding to an opponent's expert, that is not what happened here. Because Berger did not provide an initial expert report or any data analysis in support of Plaintiffs' motion for class certification, SVH did not submit an opposing expert's opinion – as there was no report or analysis for an SVH expert to rebut. *See* Berger Tr. 49:14-50:1 (Q: "You haven't created any damages model for this case. True? A: That is correct"); Berger Tr. 32:2-33:9 ("To date, I have not done an extensive analysis of [Ward's time records], nor was I asked to do so at this stage"); 33:16-20 (has not prepared any report memorializing his opinions), 35:3-17; 50:2-52:11, 53:12-21.

The only case cited by Plaintiffs on the permissibility of supplemental expert reports, *In re High-Tech Emp. Antitrust Litig.*, 985 F. Supp. 2d 1167, 1176 (N.D. Cal. 2013), is entirely distinguishable. In that case, the district court gave the plaintiffs leave to file *a supplemental motion for class certification* (with an accompanying supplemental expert report), because plaintiffs were deprived of their fair shot at seeking certification by defendant's failure to "produce significant amounts of discovery or make key witnesses available for depositions until *after* the hearing on Plaintiffs' Motion for Class Certification." *Id.* (emphasis added). The facts here could not be more different. Berger admitted in his April 30 declaration that he had access

---

[1] An expert report cannot provide a "new cause of action," but as Defendant noted in its motion to strike and its certification opposition, Plaintiffs cannot use Berger's Reply Declaration to present evidence on their unpled, and thus barred "rounding claim." SVH Cert. Opp. at 18 (citing, among other cases, *Munoz v. Giumarra Vineyards Corp.*, No. 1:09-cv-00703-AWI-JLT, 2012 WL 2617553, at *17 (E.D. Cal. July 5, 2012) (refusing to certify unpled rest break theory). Berger's only deposition testimony on rounding was that Plaintiffs' counsel told him it was pled in the First Amended Complaint, but that he did not recall if it was actually in the FAC or not. Berger Tr. 22:22-23:22 (included as Ex. 1 to 8/1//21 Green Decl.) It is not in the FAC.

1   to, and indeed, had supposedly reviewed Plaintiffs' time and pay data, leaving no excuse for

2   failing to analyze that data by April 30.  ECF No. 43-5, Berger Decl. ¶ 11 (k), (l), (n), (o).  At

3   deposition, his only explanation for why he had not analyzed Plaintiffs' data to support Plaintiffs'

4   certification motion was, "**I have not been asked to yet.**"  Berger Tr. 35:3-17 (emphasis added).

5   In his Reply Declaration, he again fails to provide any explanation for why this rudimentary data

6   analysis is arriving at this late date.

7       **Second**, Plaintiffs reference their June 28 email, sent two days before Defendant's

8   opposition deadline on June 30, which informed SVH that Berger was planning to begin an

9   analysis of Plaintiffs' time and pay data, which would be done "in the next few weeks."  7/30/21

10  Declaration of Thomas Geidt, Ex. 1.  Plaintiffs' contention that this email afforded SVH an

11  appropriate opportunity to respond to Berger's analysis strains credulity.  As Plaintiffs were well

12  aware, by June 28, Defendant had already taken Berger's deposition.  In other contexts, courts

13  have noted that a deposition is not a "take home examination" and cannot be substantively

14  "corrected" by subsequent declarations or errata.  *Cf Hambleton Bros. Lumber Co. v. Balkin*

15  *Enterprises, Inc*., 397 F.3d 1217, 1225 (9th Cir. 2005) ("a deposition is not a take home

16  examination") (citations omitted).  Plaintiffs' approach goes one step further, suggesting that

17  Berger's deposition could properly serve as a practice round to tee up his future data analysis.

18  Plaintiffs cannot entirely disregard litigation procedures and deadlines and flip them on their

19  head.[2]

20      **Third**, Plaintiffs claim that Berger's latest declaration is timely because it "shows, not

21

22  [2]The only case cited by Plaintiff, a Western District of Washington case, *Fosmire v. Progressive Max Ins. Co.*, is not helpful to Plaintiffs' position, as there is no discussion of the reasoning behind the court's admission of the supplemental expert report in that case, and no indication that

23  the expert in that case had failed to submit an *initial* report before his supplemental report. *Fosmire v. Progressive Max Ins. Co*., 277 F.R.D. 625, 628 (W.D. Wash. 2011).

24  More importantly, after admitting the supplemental report, the district court in *Fosmire* then

25  struck the expert altogether, finding that the expert's opinion was deficient, as it purported to rely on data from an unreliable survey, and the expert "had not yet developed a specific [damages] model based on the [survey] data." *Id.* at 628-630 ("there is nothing in the record to indicate that

26  [the damages expert] had tested [the survey expert's data] to ensure its reliability," or even had access to it).  On these facts, *Fosmire* is indeed persuasive – but not for Plaintiffs' stated premise.

27  As in *Fosmire,* the opinion by Berger – an expert who has not yet created a damages model and is instead planning to create a model based on the results of a speculative survey by an as-yet

28  unknown expert, without any confirmation that the survey is reliable – should also be stricken.

tells" what was in the trial plan, and "in no way alters … or displaces the trial plan already in place." Opp. at 4. Setting aside that even during "show-and-tell", the showing and telling occur jointly, not separated by three months, Plaintiffs' arguments are not well taken. Plaintiffs do not even attempt to address the well-established rule that "new evidence or analysis presented for the first time in a reply will not be considered," nor do they address or distinguish *In re Taco Bell Wage & Hour Actions*, No. 1:07-cv-01314-OWW-DLB, 2011 WL 4479730, at *7 (E.D. Cal. Sept. 26, 2011), in which the court struck the supplemental expert declaration submitted with reply in support of class certification.

In short, Plaintiffs' course of conduct demonstrates a total disregard for the deadlines set by the Court. Plaintiffs offer no explanation for why the Berger Reply Declaration should be permitted.

### B.   Sanctions Are Appropriate Here, and Plaintiffs' Misrepresentations of the Record Further Support Awarding Sanctions.

Plaintiffs have failed to establish that they acted in good faith, as they provide no reason at all for why Berger's data analysis was submitted nearly three months late, after Plaintiffs' class certification deadline and after Berger's deposition. Plaintiffs insist that they did proceed in good faith, but incredibly, their argument on this point is based on affirmative misrepresentations of their own communications with defense counsel.

Plaintiffs now represent to the Court that ***"[i]mmediately after the results [of Berger's data analysis] were <u>complete</u>, merely two weeks after Mr. Berger's deposition, Plaintiffs' counsel notified Defendants' counsel of the data and prepared to share the data with them,"*** and "did not try to hide the ball." Opp. at 5 (emphasis added). But this is not an accurate representation of what transpired.

In fact, in their June 28 email, Plaintiffs' counsel actually said, "We spoke with the expert Mr. Berger, and ***<u>he has begun</u>*** data analysis for both Plaintiffs." Plaintiffs' counsel continued, "He believes it ***<u>will be done in the next few weeks</u>***." 7/30/2021 Geidt Decl. ISO Motion to Strike, Ex. 1 (emphasis added). Thus, contrary to Plaintiffs' representations in their opposition brief and in counsel's declaration, Berger's analysis was not complete, there were no results available, and

-4-

1    there was no date certain by which any results would be available.

2         There is no justification for misrepresenting the contents of this email.  Plaintiffs are

3    presumably attempting to put the actions of its counsel in a more flattering light and suggest that

4    they acted with due haste, when in fact, the opposite was true.  SVH respectfully submits that

5    these mischaracterizations of the record are a further reason to award sanctions here.  *See, e.g.*,

6    *Jackson v. Bright*, No. C 12-06020 YGR (PR), 2014 WL 1101858, at *5 (N.D. Cal. Mar. 18,

7    2014) (misrepresentation of record is sanctionable conduct).

8         **C.    Plaintiffs Fail to Explain Their Pattern of Untimely Submissions.**

9         Finally, in a footnote in its motion to strike, Defendant briefly alluded to Plaintiffs' recent

10   untimely submission of their evidentiary objections and "Notice of Supplemental Authority,"

11   which cited an inapposite 2018 decision, which showed their pattern of treating the Court's

12   deadlines as optional and open-ended.  Defendants do not intend to take up more of the Court's

13   time by separately moving to strike these pleadings, as the record and pleadings on class

14   certification are already voluminous.  But it bears noting that Plaintiffs' assertion that "there is no

15   clear and defined rule denying evidentiary objections or supplemental authority from being filed

16   aside from the moving papers" defies belief.  Plaintiffs cite a series of California state court

17   decisions that have no relevance or authority in this Court, and do not explain why the 2018 case

18   they brought to the Court's attention the week after their reply brief was due could not have been

19   included in their original papers or on reply.

20   **III.    CONCLUSION**

21        For the foregoing reasons, and as outlined in SVH's opening motion, Plaintiffs'

22   "Supplemental" Declaration of Bennett Berger should be stricken, and the Court should award

23   sanctions in an amount to be determined at a later date.

24   DATED:  August 20, 2021                    GBG LLP

25

26                                             BY:_____/s/ Teresa W. Ghali_____
                                                     TERESA W. GHALI
27                                             Attorneys for Defendant
                                               SUTTER VALLEY HOSPITALS
28