UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jennifer Ward, et al., | No. 2:19-cv-00581-KJM-AC |
| Plaintiffs, | ORDER |
| v. | |
| Sutter Valley Hospitals, | |
| Defendant. | |

Defendant moves to strike plaintiffs' renewed motions for class and collective certification. Mot. Strike, ECF No. 80. In response, plaintiffs move for "administrative relief" to modify the scheduling order and retroactively allow their renewed motions. Mot. Admin. Relief, ECF No. 87. The court submits the matters without hearing. For the reasons below, the court **grants** defendant's motion and **strikes** plaintiffs' renewed motions. The court also **strikes** plaintiffs' motion for administrative relief.

I.  BACKGROUND

The court summarized the background of this case in its prior order. *See* Order (July 18, 2022) at 2–5, ECF No. 66. In brief, plaintiffs Jennifer Ward and Sacora Besabe brought this lawsuit on behalf of surgical technicians employed by defendant Sutter Valley Hospitals, alleging defendant failed to pay overtime and minimum wages, provide meal and rest breaks and reimburse expenses, among other things. *Id*. at 2–3.

Under the scheduling order governing this case, the last day to file motions for class and collective certification was April 30, 2021. Order (April 26, 2021) at 4, ECF No. 42. On April 30, 2021, plaintiffs filed their initial certification motions. *See* Prev. Mot. Class Cert., ECF No. 43; Prev. Mot. Collective Cert., ECF No. 44. In July 2022, the court denied those motions "without prejudice to renewal addressing the issues identified by this order." Order (July 18, 2022) at 21. Specifically, the court found plaintiffs' declarations "too vague and conclusory to imply an unlawful practice that can satisfy the commonality requirement [under Rule 23]," or satisfy the "similarly situated" requirement under the Fair Labor Standards Act (FLSA). *Id.* at 14, 20. Not only did the court find plaintiffs' declarations to be "boilerplate" and "cookie-cutter," the court found them unreliable, as plaintiffs' declarations later retracted their sworn statements at deposition. *Id.* at 14–16 (citing *Gomez v. J. Jacobo Farm Lab. Contractor, Inc.*, 334 F.R.D. 234, 244-45 n.2 (E.D. Cal. 2019)). The court also found:

> Even assuming plaintiffs' declarations are reliable, the record contains no common evidence demonstrating that all the putative class members' claims can be resolved efficiently at the same time . . . Rather, it appears here the wage and hour practices vary among defendant's facilities. And given that some class members testified they did not suffer the injuries plaintiffs claim, plaintiffs have not shown that wage violations were not separate, isolated experiences.

*Id.* at 16. Furthermore, the court struck plaintiffs' "additional" declaration of Bennett Berger, an expert witness, as it improperly introduced new facts in reply. *Id.* at 8 (citing *Burnham v. City of Rohnert Park*, 1992 WL 672965, at *1 n.2 (N.D. Cal. May 18, 1992)).

Almost four months later, without leave of court, plaintiffs filed their renewed motions for class and collective certification, scheduling a hearing for December 9, 2022. Mot. Certify Class, ECF No. 68; Mot. Certify Collective, ECF No. 69. Because plaintiffs did not comply with the 35-day notice requirement under Local Rule 230(b), the court reset the hearing for January 27, 2023. Min. Order, ECF No. 73. Although they did not need to, plaintiffs subsequently refiled their renewed motions. Renewed Mot. Class Cert., ECF No. 74; Renewed Mot. Collective Cert.,

ECF No. 75.[1]  Plaintiffs concede the "renewed motions look virtually identical to the [initial] motions," which the court previously denied.  Opp'n at 8, ECF No. 85.  Indeed, plaintiffs have made all the same arguments and even cited all the same cases, except for adding one Ninth Circuit case decided in 2022.  *Compare* Mem. Prev. Mot. Class Cert., ECF No. 43-1 *with* Mem. Renewed Mot. Class Cert., ECF No. 74-1.  The new Ninth Circuit case, discussing whether computer log-in time is "integral and indispensable" to a "principal activity" under the FLSA, does not change this court's initial certification analysis.  *See Cadena v. Customer Connexx LLC*, 51 F.4th 831, 838 (9th Cir. 2022) (citing *IBP, Inc. v. Alvarez*, 546 U.S. 21, 37 (2005)).  Plaintiffs, however, did conduct additional interviews and have submitted twenty-five revised declarations in support of their renewed motions.  *See* Green Decls., ECF Nos. 74-2 & 75-3.  Plaintiffs also re-submitted the Berger declaration, including the testimony the court previously struck.  *See* Berger Decls., ECF Nos. 74-4 & 75-5; Order (July 18, 2022) at 8.

Defendant moves to strike plaintiffs' renewed motions.  Mot. Strike.  The court granted defendant's motion for administrative relief to suspend the briefing schedule on plaintiffs' renewed motions, pending resolution of defendant's motion to strike.  Order (December 6, 2022) at 1, ECF No. 83.  In that order, the court expressly instructed the parties that "briefing deadlines associated with [the motion to strike] remain unchanged."  *Id.* at 2.  Nonetheless, plaintiffs filed their opposition seven days late.  *See* Opp'n; E.D. Cal. L.R. 230(c).  Defendant has timely filed their reply.  *See* Reply; E.D. Cal. L.R. 230(d).   In the interests of fairness, the court considers both plaintiffs' opposition and defendant's reply in deciding the motion.  *See* E.D. Cal. L.R. 230(c) ("A failure to file a timely opposition *may* also be construed by the Court as a non-opposition to the motion.") (emphasis added).  The court, however, disregards plaintiffs' untimely objections to defendant's declaration.  *See* Objs., ECF No. 85-2.

---

[1] Plaintiffs' renewed motions exceed the 20-page limit provided by this court's standing order.  *See* Renewed Mot. Class Cert.; Renewed Mot. Collective Cert.; *see also* Standing Order at 3, ECF No. 5-1 ("Memoranda of Points and Authorities in support of . . . motions shall not exceed twenty (20) pages . . . Only in rare instances and for good cause shown will the court grant an application to extend these page limitations.").  Nor did they file an application to exceed the page limit.

Subsequently, plaintiffs filed their motion for administrative relief to modify the scheduling order and retroactively allow their renewed certification motions. Mot. Admin. Relief. This is an improper use of an administrative motion under Local Rules, as it would alter a class certification motion filing date.[2] *See* E.D. Cal. L.R. 233 ("Examples of matters that [administrative] motions may address include requests to alter a discovery schedule that *does not affect dispositive motion filing dates*") (emphasis added); *Daniel F. v. Blue Shield of California*, 2015 WL 12964606, at *1 (N.D. Cal. May 21, 2015) ("[C]lass certification motions are considered dispositive."). Moreover, the court construes plaintiffs' administrative motion as an unauthorized supplemental brief addressing defendant's motion to strike, as it also discusses arguments raised in defendant's motion. Mot. Admin. Relief; E.D. Cal. L.R. 230(m) ("After a reply is filed, no additional memoranda . . . may be filed without prior court approval[.]"). Accordingly, the court **strikes** plaintiffs' administrative motion.

Finding the briefing otherwise sufficient to resolve the disputes currently pending, the court submits the matter on the papers and resolves it here.

## II.     MOTION TO STRIKE

Without reaching the question of whether plaintiffs unreasonably waited four months to refile their renewed motions without leave of this court, the court **grants** defendant's motion to strike because plaintiffs' renewed motions "do[ ] not resolve the court's concerns identified in the prior order denying class certification." *Shasta Linen Supply, Inc. v. Applied Underwriters, Inc*, 2019 WL 3244487, at *2 (E.D. Cal. Apr. 17, 2019). Given the contents of those motions, defendant should not be put to the burden of responding to them.

First, the court found plaintiffs' prior declarations to be "vague and conclusory," as they contained the same, boilerplate language. *See* Order (July 18, 2022) at 14–15. This conclusion applies equally to plaintiffs' revised declarations. For example, concerning plaintiffs' off-the-clock claims, all twenty-five declarants attest, with minor variations, "I recall being called on my

---

[2] The administrative motion also exceeded the 5-page limit as provided by Local Rule 233. *See* E.D. Cal. L.R. 233(a)(2) ("A motion for administrative relief . . . (2) may not exceed 5 pages (excluding declarations and exhibits)").

personal cell phone off duty to discuss work tasks.  These calls occurred a few times a month . . . Management knew I and other Surgical Technicians worked off the clock since they called us after hours." *See* Pocklington, Decl. ¶ 6; Sellick. Decl. ¶ 5; Hill Decl. ¶ 5; Thornsberry Decl. ¶ 5; Santiago Decl. ¶ 8; Cook Decl. ¶ 7; Tkach Decl. ¶ 6; Davolt Decl. ¶ 6; Miranda Decl. ¶ 5; Singh Decl. ¶ 7; Seckora Decl. ¶ 5; Gates Decl. ¶ 5; Deguzman Decl. ¶ 7; Medel Decl. ¶ 5; Galli Decl. ¶ 7; Crozier Decl. ¶ 5; Rodrigues Decl. ¶ 6; Tran Decl. ¶ 6; Tatar Decl. ¶ 8; Hall Decl. ¶ 7; Babchuk Decl. ¶ 6; Ivy Decl. ¶ 5; Ferman Decl. ¶ 6; Wedmore Decl. ¶ 6; Savalza Decl. ¶ 6.[3]  The court thus finds plaintiffs' supporting declarations still lack sufficient detail "to imply an unlawful practice that can satisfy the commonality requirement." *See* Order (July 18, 2022) at 14 (citing *Kuzich v. HomeStreet Bank*, 2018 WL 3872191, at *2 (D. Ariz. Aug. 15, 2018) and *Gomez*, 334 F.R.D. at 244 n.2)).

Second, the court's prior order questioned the reliability of plaintiffs' declarants because their deposition testimony conflicted with their declaration testimony.  *See* Order (July 18, 2022) at 15–16.  Plaintiffs' revised declarations have not cured the inconsistency; rather, they have exacerbated the problem.  For example, Francisco Miranda testified in his initial declaration that "Sutter Hospital did not tell me or remind me that I was entitled to one (1) hour of pay if I missed a rest break . . . ."  Prev. Miranda Decl. ¶ 12, ECF No. 43-3.  At deposition, Miranda retracted this declaration testimony, stating he was "absolutely" familiar with the hospital's meal and rest break policy and was trained on the policy.  Miranda Dep. at 10:6–14:25, Compendium Evidence Ex. 4-H, ECF No. 48-16.  Now, Miranda's revised declarations repeat his retracted declaration testimony verbatim: "Sutter Hospital did not tell me or remind me that I was entitled to one (1) hour of pay if I missed a rest break . . . ."  Miranda Decl. ¶ 14.  This reversal in testimony is disallowed under the sham affidavit rule.  *See Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991) ("[A] party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony" under the sham affidavit rule); *Young v. Cree, Inc.*, 2019 WL 260853, at *1 (N.D. Cal. Jan. 18, 2019) (applying the sham affidavit rule in the context of a class certification

---

[3] All declarations are attached as exhibits to Green declaration, ECF No. 74-2.

1    motion).  Plaintiffs have not dispelled the reliability concern related to their declarations.  *See*
2    Order (July 18, 2022) at 15–16.

3          Third, plaintiffs have not addressed the fact that plaintiffs themselves and other witnesses
4    have already testified they did not suffer the claimed wage and hour violations.  *See id*. at 16.
5    Plaintiffs' revised declarations, as well as the resubmitted expert declaration, explain how
6    defendant's policies and practices were common among its medical centers.  Opp'n at 8.  But
7    "given that some class members testified they did not suffer the injuries plaintiffs claim, plaintiffs
8    have not shown that wage violations were not separate, isolated experiences."  Order (July 18,
9    2022) at 16.  Nor have plaintiffs explained how this court can ignore the prior testimony, which
10   indicate the class members' claims cannot be resolved efficiently at the same time.  *See id*.; *see*
11   *also* Opp'n.  Because plaintiffs' renewed motions do not address the concerns identified in this
12   court's prior order, those motions are stricken to avoid an undue burden on defendant or waste of
13   this court's limited resources.  *See Shasta*, 2019 WL 3244487, at *2.

14         Additionally, to the extent it matters, plaintiffs have not shown their motions qualify as
15   proper motions for reconsideration.  In the absence of Ninth Circuit guidance, district courts in
16   this Circuit, as well as a majority of courts elsewhere, have applied the reconsideration standard
17   to renewed class certification motions.  *See Stemmelin v. Matterport, Inc.*, 2022 WL 4843089,
18   at *1 (N.D. Cal. Oct. 3, 2022) (collecting cases); William B. Rubenstein, 3 Newberg &
19   Rubenstein on Class Actions § 7:35 (6th ed.); *but see Hargrove v. Sleepy's LLC*, 974 F.3d
20   467, 477 (3rd Cir. 2020) (holding unique view that Rule 23(c)(1)(C)[4] "allows for multiple bites at
21   the apple throughout the litigation" and "does not impose an additional requirement on parties to
22   a change in law or show new evidence to succeed on a renewed motion for certification.").  This
23   is because most courts are reluctant "to allow parties to have a second bite at the apple" on class
24   certification in order to incentivize parties "to put their best foot forward at the outset and
25   "avoid[ ] costly delays to the proceedings."  William B. Rubenstein, 3 Newberg & Rubenstein on
26   Class Actions § 7:35 (6th ed.).  Under the reconsideration standard, a party must show "what new

---

[4] "An order that grants or denies class certification may be altered or amended before final judgment."  Fed. R. Civ. P. 23(c)(1)(C).

or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion" and "why the facts or circumstances were not shown at the time of the prior motion." E.D. Cal. L.R. 230(j); Fed. R. Civ. P. 60. "A motion for reconsideration may not be used to . . . present evidence for the first time that could reasonably have been raised earlier in the litigation." *Akey v. Placer County*, 2017 WL 1831944, at *14 (E.D. Cal. May 8, 2017).

Here, plaintiffs have not explained why they could not have produced the revised declarations, however immaterial the revisions, when they first sought class certification in April 2021. *See* Opp'n. The same is true for their resubmitted expert declaration, which the court previously struck as untimely. *See id*. Plaintiffs' renewed motions also do not show "what other grounds exist for the motion," as they are "virtually identical" to their prior motions and raise the same arguments, as plaintiffs concede. *See* E.D. Cal. L.R. 230(j).

While plaintiffs argue applying the reconsideration standard does not align with this court's prior order, which denied plaintiffs' prior motions "without prejudice to renewal addressing the issues identified by this order," Opp'n at 9 (citing Order (July 18, 2022) at 21), the court disagrees. Plaintiffs acknowledge that other district courts in this Circuit have applied the reconsideration standard in analogous circumstances. *See id*. To the extent this court's direction was unclear, given the time plaintiffs took to file their new motions, counsel could have sought clarification or express approval of a new deadline. *See Padgett v. Loventhal*, 2015 WL 13753300, at *1 (N.D. Cal. May 13, 2015) (generally discussing motions for clarification). In any event, even if the court were to apply a less stringent standard, plaintiffs still have not remedied the defects in their certification motions, as discussed above.

**III.   CONCLUSION**

For the reasons above, the court **grants** defendant's motion to strike (ECF No. 80) plaintiffs' renewed motions for class and collective certification (ECF Nos. 74 & 75).

The court also **strikes** plaintiffs' motion for administrative relief (ECF No. 87).

A status conference is scheduled for **March 23, 2023 at 2:30 p.m.**, with the parties directed to file a joint status report fourteen days prior to that date.

7

1      This order resolves ECF Nos. 74, 75, 80 & 87.

2   IT IS SO ORDERED.

3   DATED:  January 11, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE